MILLER v. LACHMAN.[1]

1. Appeal—Remarks of Counsel—Review.
   Remarks of counsel, alleged to have been prejudicial, cannot be
   considered on appeal, where they were not excepted to and
   ruled on at the trial.

2. Witnesses—Husband and Wife—Adultery.
   In an action for the alienation of a wife's affections, in which
   adultery was charged, plaintiff was permitted, under objec-
   tion, to testify, but all of his testimony was finally stricken
   out, and the jury instructed to disregard it. The testimony
   given by him had no bearing on the charge of adultery, nor
   did it relate to any conversation between himself and his
   wife; and it was fully sustained by other witnesses. *Held,*
   that defendant was not prejudiced.

Error to Ottawa; Padgham, J. Submitted April 8,
1898. Decided May 17, 1898.

Case by, Grant E. Miller against Henry Lachman for
alienating the affections of plaintiff's wife. From a judg-
ment for plaintiff, defendant brings error. Affirmed.

*George A. Farr* (*Turner & Turner*, of counsel), for
appellant.

*J. H. Tatem*, for appellee.

Long, J. This action is brought to recover damages
which the plaintiff claims to have sustained by the wrong-
ful and willful conduct of the defendant in alienating the
affections of plaintiff's wife, breaking up and destroying
his home; for aiding, counseling, and assisting plaintiff's
wife in procuring a divorce; and for having debauched
and carnally known her.

It appears that in July, 1895, the plaintiff and his

[1] Rehearing denied October 18, 1898.

family, consisting of his wife and three daughters, the eldest of whom was then nine years of age, were living in the village of Lisbon, Ottawa county. The defendant lived on a farm about one mile west from there. The two families were acquainted, and occasionally visited each other. In July the plaintiff went west to find work; leaving his family in Lisbon, provided with all the necessaries of life. He was gone about 11 months. It is claimed that during that time the defendant visited plaintiff's wife at her home almost daily and nightly, and that he completely alienated the wife's affections, and had carnal knowledge of her person. After plaintiff's return, his wife commenced proceedings for divorce, and for the custody of the children. Plaintiff answered the bill, and in his answer prayed the custody of the children. On the hearing of that case, the court granted the custody of the children as prayed in the answer and cross-bill. After the conclusion of the divorce proceedings, this action was brought.

The adultery is alleged to have been committed on or about September 20, 1895; also, on the 27th, 28th, and 29th days of April, 1896, and on divers other days and times between September 20, 1895, and the commencement of this suit. It appeared by the testimony on the part of the plaintiff that defendant and plaintiff's wife were often together; that defendant was seen frequently visiting her house at different times of night. It was shown that at one time these parties left their homes at Lisbon, together, about 4 o'clock in the morning, and did not return until the evening of the third day, during which time they were in the city of Grand Rapids, and attended a public dance. Other testimony was given which had a tendency to show the close relations of these parties. Several of the neighbors were called, who testified to the defendant's constant visits to the house, and remaining late at night.

The court charged the jury, at the request of counsel for defendant, as follows:

"*First*. Before the jury in this cause can return any verdict in favor of the plaintiff, they must first find, by a preponderance of evidence, that the defendant did actually, and at the time or times set up in the declaration in this cause, have criminal intercourse, and committed adultery, with Louisa Miller, wife of said plaintiff in this cause.   *   *   *

"*Seventh*. The charge in this case is criminal conversation, which consists in carnally knowing and committing adultery with plaintiff's wife; and the loss of comfort, society, and assistance of the wife are charged, as a result of the adultery; and, unless you find from the evidence that the defendant did commit adultery with plaintiff's wife, then your verdict shall be, ' No cause of action.'

"*Eighth*. The charge in this case is adultery alleged to have been committed by the defendant with the wife of said plaintiff between the 20th day of September, 1895, and the time of granting the decree of divorce in evidence in this cause. The burden of proving the charge of adultery is upon the plaintiff, and this he must establish by competent evidence. It cannot rest upon mere suspicion, but it must be proved by such a preponderance of evidence as convinces you of its truth. Where the burden of proof consists of circumstances only, to establish this fact it is necessary to show (1) an adulterous disposition on the part of the defendant; (2) an adulterous disposition on the part of the plaintiff's wife; and (3) opportunity for the commission of the offense of adultery."

The jury returned a verdict in favor of plaintiff for $2,000. Defendant brings error.

Several assignments relate to claimed errors in the opening to the jury by counsel for plaintiff. It is not necessary to set out here the remarks complained of, as no exceptions thereto were taken on the trial, and, so far as appears by this record, no objection was then made. It has been several times held by this court that, when the course of counsel in addressing the jury has not been excepted to and ruled on, this court cannot review it, even though recited in the bill of exceptions. *Maclean* v. *Scripps*, 52 Mich. 214; *Hart Manfg. Co.* v. *Mann's Boudoir-Car Co.*, 65 Mich. 564.

Error is assigned upon the ruling of the court in per-

mitting the plaintiff to give testimony in the case. This question need not be discussed, as it appears by the record that, while the plaintiff was permitted to give some testimony, the court thereafter, upon motion, struck the testimony from the record, and instructed the jury not to consider it. It is contended, however, by counsel for defendant, that the admission of this testimony was error, and, though stricken out, the effect of it upon the jury was prejudicial to the defendant. The plaintiff was not asked by his counsel, nor did they attempt to show by him, any fact or circumstance bearing upon the question of the adultery between his wife and the defendant; nor was he asked to state any conversation between himself and his wife. What testimony was given by him was fully sustained by other witnesses. We think the defendant's case was not prejudiced by this testimony, in view of the fact that the court instructed the jury that they should not consider it.

It is contended that there was error "in plaintiff's seeking to show, and parading before the jury as a fact, that there was common and notorious neighborhood talk of defendant's relations with plaintiff's wife." The record does not bear out this claim. We find no evidence in the record as to the neighborhood talk about this matter. Plaintiff's counsel sought to show what the talk was, and the court ruled against them.

It is contended that the court was in error in refusing to give certain requests of the defendant in charge to the jury. We have examined the general charge, and think that it covers the requests made by defendant, so far as he was entitled to them. It would profit no one to set out here the requests, and the charge as given.

We find no error in the case. The judgment must be affirmed.

The other Justices concurred.