LACHMAN *v.* FULLER.

APPEAL—LIBEL—JUSTIFICATION.
* On appeal in an action for libel, wherein defendant pleaded the truth as a defense, a judgment for defendant was affirmed without discussion of the points raised.[1]

Error to Ottawa; Padgham, J. Submitted December 4, 1900. Decided January 8, 1901.

Case by Henry Lachman against Elton D. Fuller for libel. From a judgment for defendant, plaintiff brings error. Affirmed.

This is an action for libel against the defendant, who is the publisher of a newspaper known as the Grand Haven Press. The publication, so far as it concerns the plaintiff, is as follows:

"COURT NOTES.

"Judge John H. Tatem, of Grand Rapids, was in the city Tuesday to argue a motion in the perennial case of *Miller* vs. *Lachman*. Attorneys Turner, of Muskegon, who are representing Henry Lachman, made a motion to strike the chancery bill of Judge Tatem from the files on

---

* Head-note by GRANT, J.
[1] For truth as a defense to libel or slander, see *Warner* v. *Clark,* (La.) 21 L. R. A. 502, and note.

a technicality. Their motion was overruled by Judge Padgham almost without argument. By this chancery bill Judge Tatem seeks to secure payment of a judgment of $2,000 secured by Grant E. Miller against Henry Lachman. The judgment was for alienating the affections of Mrs. Miller. It appears from the record that a few years ago Miller left his wife and young daughters in Lisbon, and went to Dakota for the purpose of seeking employment. After he had been there for some time, friends wrote him that he had better return and look after his wife, as Henry Lachman, a wealthy neighbor, was paying her too much attention. Miller at once returned to his home and made an investigation of the condition of things, which finally satisfied him that he had been cruelly wronged. It appeared from stories of his friends that Lachman had been almost a daily visitor at his house during his absence, and had taken his wife to Grand Rapids on pleasure trips, and generally rendered the widowhood of the lady as little sad as possible. On one occasion even the boys had marked a hitching post in front of Miller's residence, 'Lachman's hitching post,' for the alleged reason that Lachman's horse was tied there very frequently. Altogether, a beautiful country neighborhood scandal was raised.

"About the only people who held to the theory of the innocence of Mr. Lachman and Mrs. Miller were the principals themselves. The wife denied emphatically that she had wronged her husband, while her alleged paramour supported her assertions so strongly that Mr. Miller, whose wife had always been true to him previously, was almost persuaded that his suspicions had been unjust. At this particular instant, though, Mrs. Miller, backed up by her paramour, made a fatal mistake. She forced her hesitating husband into a legal fight, by bringing suit for divorce and asking the custody of her children. Then it was that Grant E. Miller retained Judge Tatem, and prepared for a bitter struggle. It came quickly, but was triumphantly won by Judge Tatem. Miller proved to the satisfaction of the court that his wife was not a fit person to control the children, and secured their custody, as well as a decree of divorce. Miller had been a long time entering into the fight, but, as developments came to the surface, he became so indignant that he determined to punish Lachman. For this purpose a suit for alienation of affections was brought by Judge Tatem. The trial

was bitterly contested by the able counsel on both sides, but finally a verdict for $2,000 was awarded Miller: This case was appealed by Lachman's attorneys, with the result that the case was affirmed in the Supreme Court. Then an attempt was made to secure the amount of this decree, which is still being fought.

"Between Lachman's heavy legal expenses and his alleged putting out of his hands property, Judge Tatem finds it very difficult to secure full satisfaction. He has sold one piece of real estate and secured a portion of Miller's money, and now seeks a division of the Lachman homestead and a decree of sale for a portion of it. This is the case in which the motion was made and argued Tuesday. This is a striking illustration of the ills usually growing out of the violation of the seventh commandment. * * * Lachman is largely crippled financially, and his folly has already cost him $3,000, with a probability of nearly as much more to follow. Grant E. Miller sits alone in an abandoned home, his little daughters worse than motherless,—a heart-broken man. His wife admits that he always was a loving husband to her, and now repents her folly bitterly."

In his plea defendant gave notice that he would prove the truth of the facts stated in the article. The case was submitted to the jury, who found a verdict for the defendant.

*Turner & Turner*, for appellant.

*John H. Tatem*, for appellee.

GRANT, J. (*after stating the facts*). Counsel for the defendant insists that every material charge or statement in the publication is true. Whether he asked the court to direct a verdict, the record does not show. The records and files in the suits referred to in the article were produced in evidence, and fully sustain the statements referring to them. It appears from these records that the charge of adultery on the part of the plaintiff was directly involved in both suits mentioned in the publication, and that the charge was found by the court to be true. *Miller v. Lachman*, 117 Mich. 68 (75 N. W. 284). There is other

positive evidence, also, of adultery between plaintiff and Mrs. Miller, and also circumstances from which a jury would have the right to infer illicit relations between them.

The court, in a very long charge, covering all the questions in libel cases, instructed the jury that the defendant admitted the publication, and had not retracted when requested to do so, and that the decision in the case depended upon the truth of the facts stated in the article, and left that question to them. The verdict establishes the fact that the article was true, and that plaintiff was guilty of adultery. The errors assigned relate to the rulings of the court in admitting and rejecting testimony, to remarks of counsel for the defendant, to the charge of the court, and the refusal to give certain requests preferred by the plaintiff. An opinion upon these questions would be of no benefit to the profession. We therefore consider it unnecessary to discuss them. We find no error in the points raised. The judgment is therefore affirmed.

The other Justices concurred.