## CASTOR *v.* BATES.

RES JUDICATA—HABEAS CORPUS—FALSE IMPRISONMENT

　Where plaintiff, having been arrested on a *ca. sa.* at the instance of defendant, sued out a writ of *habeas corpus,* and, on a hearing after notice to defendant under 3 Comp. Laws, § 9885, was discharged on the ground that the judgment on , which the execution issued was void, such adjudication is conclusive in a subsequent action against defendant for false imprisonment.

Error to superior court of Grand Rapids; Newnham, J. Submitted February 12, 1901.　Decided July 2, 1901.

Case by Theodore Castor against Schuyler N. Bates for false imprisonment.　From a judgment for plaintiff, defendant brings error.　Affirmed.

*Walker & Fitz Gerald* (*Myron H. Walker,* of counsel), for appellant.

*James A. Lombard,* for appellee.

MONTGOMERY, C. J.　This is an action for false imprisonment.　The defendant recovered a judgment against the plaintiff in an action of replevin, and subsequently sued out two successive body executions, upon which plaintiff was arrested.　Plaintiff, after a brief detention upon each of these arrests, sued out a writ of *habeas corpus,* of which the defense in the case was given notice.　On each of these applications the present defendant appeared and contested the plaintiff's right to discharge, and on each occasion the court decided against defendant's contention, holding the arrest to be unlawful in each case, and on the last hearing holding the justice's judgment void.

The question which is first suggested by the plaintiff's counsel is whether these adjudications in the *habeas cor-*

*pus* proceedings are binding on the defendant and *res judicata* in this proceeding. The statute ( 3 Comp. Laws, § 9885 ) provides that a party having the relation to the *habeas corpus* proceedings borne by this defendant has a right to notice and opportunity to be heard. This defendant in fact appeared and was heard. The questions involved in this case were there decided adversely to him. It is difficult to see on principle why the decision of the question there determined should not be held *res judicata*. It is true the ruling is commonly stated to be that *res judicata* has no application to *habeas corpus* proceedings, and that a refusal to discharge on one writ is no bar to the issuance of a new writ; but it is said that the discharge of a prisoner stands on a different footing, and that a person once discharged cannot be rearrested for the same cause. 15 Am. & Eng. Enc. Law ( 2d Ed.), p. 212. On principle, when a question of law or fact has been adjudicated in such proceedings, after full hearing by the parties concerned, we think that as to such questions the proceeding is *res judicata* in any subsequent proceeding involving the same question. See *In re Sneden*, 105 Mich. 61 ( 62 N. W. 1009, 55 Am. St. Rep. 435 ).

The other errors assigned have been considered in so far as they are not controlled by the above discussion. We think the rulings complained of did not damage the defendant, in so much as the court excluded all exemplary damages.

Judgment is affirmed.

The other Justices concurred.