BATES *v.* KITCHEL.

1. FALSE IMPRISONMENT—JUSTICES OF THE PEACE—WANT OF JURIS-
DICTION TO IMPRISON—WITNESSES.

An action for false imprisonment lies against a defendant who
secures the arrest and detention, by a circuit court commis-
sioner and justice of the peace, of a material witness in a
criminal proceeding begun against the defendant, the officers
having no jurisdiction under 3 Comp. Laws, § 11856 *et seq.*,
as amended by Act No. 177, Pub. Acts 1875, and Act No. 141,
Pub. Acts 1879, to imprison a witness for failure to procure
bail.

2. SAME—PRIVILEGE—JUDICIAL ACTS—WANT OF JURISDICTION.

An imprisonment under such acts, for failure to give bail on
the part of a witness, is an act without any jurisdiction and
not privileged as to the justice or the defendant, under the
rule excusing judicial officers for errors of judgment in matters
within their jurisdiction.

Error to Branch; Yaple, J. Submitted February 9,
1910. (Docket No. 127.) Decided March 19, 1910.

Case by Charles Bates against Horace Kitchel for
false imprisonment. A judgment for defendant on a
verdict directed by the court is reviewed by plaintiff on
writ of error. Reversed.

*Frank B. Reynolds* and *L. F. Humphrey* (*F. A.
Lyon*, of counsel), for appellant.

*H. H. & B. E. Barlow*, for appellee.

BLAIR, J. This is an action for false imprisonment
based upon an alleged unlawful commitment of the plain-
tiff for refusing to enter into a recognizance to appear and
testify upon the appeal of a criminal cause triable before
a justice of the peace. Defendant in this case, who was
the respondent in the criminal cause, after his conviction
and on July 22, 1908, filed the required recognizance with

the justice and appealed the cause to the circuit court. After taking his appeal, and on the same day, defendant filed his petition with the circuit court commissioner, setting forth, among other things:

"That one Charles Bates was sworn as a witness in said cause on behalf of the prosecution; that he is a material witness in said cause; that he is informed and believes that said witness is a resident of the State of California and intends to leave the jurisdiction of the circuit court for the county of Branch and return to the State of California before the trial of said cause in said circuit court."

The petition prayed:

"That an order may be issued directed to the sheriff of said county, requiring him to forthwith bring the said Charles Bates before Charles F. Howe, circuit court commissioner, to show cause why he should not be required to enter into a recognizance to appear at the October term of the circuit court, to be held in and for the said county of Branch at the city of Coldwater in said county on the 5th day of October, A. D. 1908, then and there to testify as to his knowledge concerning the matter of the complaint filed in the cause of *People* v. *Horace Kitchel,* and further your petitioner prayeth not."

On July 24, 1908, the following order was made by the commissioner:

" On reading the sworn petition filed in said cause and on hearing proofs taken therein, the said Charles Bates being present in person, and the said Horace Kitchel appearing by B. E. Barlow, his attorney, it is ordered that the said Charles Bates enter into a recognizance with one sufficient surety in the sum of $500 for the personal appearance of the said Charles Bates, at the next October term of the circuit court to be held in and for said county of Branch, to testify on behalf of said Kitchel upon a charge against said Horace Kitchel, and in default, refusal, or failure of said Charles Bates to enter into said recognizance as aforesaid, he shall be committed to prison, there to remain until he complies with this order, or until he is discharged according to law."

In compliance with the order of the circuit court com-

missioner which was filed with him, the justice of the peace made an order committing said Bates to the county jail. He gave bond for the jail limits, and subsequently obtained his discharge upon writ of habeas·corpus and brought this suit. At the close of the proofs in the present case, the circuit judge directed a verdict in favor of the defendant, and plaintiff brings the case to this court for review upon writ of error.

The circuit judge held that the circuit court commissioner and the justice of the peace—

" Had jurisdiction of the person of plaintiff and of the subject-matter of requiring him to enter into a recognizance to appear and testify as a witness. It is not a case where the entire subject-matter was outside of and beyond the jurisdiction of the commissioner and the justice. I think a distinction should be made and emphasized between a case where an officer is acting simply in excess of his jurisdiction and one in which he attempts to act in respect to a subject-matter of which he clearly has no jurisdiction. No question is made but that the justice and the commissioner acted in entire good faith in all that they did. The justice was called upon to decide whether he had authority under the order made by the commissioner to issue the order of commitment. He erroneously decided that he had. Did such erroneous decision render him responsible in damages to plaintiff, Bates? His assumption of jurisdiction to make the order of commitment arose from an error of law on which different opinions could honestly be entertained by reasonable men. He did not acquire jurisdiction by deciding that he had it, but erred in deciding that he had jurisdiction to proceed and make the order, and his error in that respect was an error of judgment upon a question of law; and the same may be said in respect to the action of the circuit court commissioner in making the order which he did. There is no public policy which requires that they should be responsible for such error in a civil action of this nature. I think that such protection to the officer who acts in good faith should be extended to justices of the peace and other judicial officers with special or limited jurisdiction, and is necessary to the independence and usefulness of the judicial officers. If the circuit court commissioner and the justice of the peace should not be held responsible in an action of

this nature, then, as I view it, the defendant, Kitchel, should not be held amenable to this action for damages for false imprisonment."

The jurisdiction of the justice over the subject-matter rests upon section 1036, 1 Comp. Laws; that of the commissioner upon section 11817. Section 1036 provides for appeals from judgments in criminal cases triable before justices of the peace and for the discharge of the person convicted upon giving the required recognizance; and "the complainant and witnesses may also be required to enter into recognizances, with or without sureties, in the discretion of the court, to appear at said circuit court," etc. This section was amended in 1909, retaining the language quoted. Act No. 23, Pub. Acts 1909. There is no provision in this section or elsewhere expressly authorizing commitment of a witness to jail for refusing to give a recognizance. Upon this ground the circuit judge held that the justice and the circuit court commissioner exceeded their jurisdiction.

Chapter 330 of the Compiled Laws, relative to the examination of accused persons in cases not triable before justices of the peace, contains the following provisions:

"(11856) Sec. 19. Upon any adjournment of the examination before such magistrate, or when the prisoner is admitted to bail or committed by the magistrate, such magistrate shall bind by recognizance the complainant and all material witnesses against such prisoner to appear and testify upon any day to which such examination may be adjourned, or at the next court having cognizance of the offense, and in which the prisoner shall be held to answer, and it shall be competent in all cases contemplated in this section for any magistrate in the county where such offense is alleged to have been committed, to issue process to compel the attendance of any witness or witnesses before him, at any time, in vacation or between the terms of the court having cognizance of the offense, for the purpose of compelling such witnesses to enter into any recognizance required by the provisions of this section.

"(11857) Sec. 20. If the magistrate shall be satisfied, by due proof, that there is good cause to believe that any such witness will not perform the condition of his recogn-

izance, unless other security be given, such magistrate may order the witness to enter into a recognizance, with one or more sureties as may be deemed necessary, for his appearance at court.

"(11859) SEC. 22. All witnesses required to recognize, either with or without sureties, shall, if they refuse, be committed to prison by the magistrate, there to remain until they comply with such order, or be discharged according to law."

All of the sections referred to being then in force, the legislature of 1875 adopted the following act:

"An act to release witnesses in criminal cases from giving bail.

"SECTION 1. *The People of the State of Michigan enact,* That it shall not be necessary in any criminal case for any witness to give bail for his appearance as a witness in such cause, unless required to do so by the order of a judge of a court of record. All laws contravening this act are hereby repealed.

"SEC. 2. This act shall take immediate effect." Act No. 177, Pub. Acts 1875 (3 Comp. Laws, § 11817).

The act was amended by the legislature of 1879 by inserting in section 1, after the words, "judge of a court of record," the words, "or a circuit court commissioner." Act No. 141, Pub. Acts 1879.

It seems plain from the title of the act, its subject-matter, and the repealing clause, that it was the intention of the legislature to take from justices of the peace all authority or control over the subject of requiring bail of witnesses for their appearance, whether in criminal causes triable before them or not cognizable by them, and to repose such authority and control solely in judges of courts of record and circuit court commissioners. Was it also the intention of the act of 1875 to deprive such magistrates of authority to require personal recognizances of witnesses as theretofore empowered by the sections quoted? The act in question uses the word "bail" throughout, and not at all the word "recognizance." The term "bail," as used in the statute, imports suretyship; the securing of

the witnesses' attendance through the medium of others as sureties for such attendance.

The previous statutes quoted do not, therefore, contravene the provisions of the act of 1875, except in so far as they authorize the justice of the peace to require sureties to be given by the witnesses. Although the repealing clause is sweeping in its terms, we do not think it reasonable to conclude that it was the intention of the legislature to repeal the provisions relative to the appeal of criminal cases cognizable by justices of the peace or provisions relative to examinations before such officers which are not inconsistent with the act, but rather that the intention was to repeal such portions of the law only as were in contravention of the provisions of the act relative to giving bail. We therefore hold that the right to require personal recognizances of witnesses remains unaffected by the act of 1875, but agree with the circuit judge that, since no statute authorizes a justice of the peace to imprison a witness for refusing to enter into a recognizance, no such power can be exercised. *Bickley* v. *Com.*, 2 J. J. Marsh. (Ky.) 572; *Comfort* v. *Kittle*, 81 Iowa, 179 (46 N. W. 988).

We are strengthened in this conclusion by the fact that such power of imprisonment was expressly conferred upon examining magistrates by section 11859. In short, our conclusion is that the act of 1875 modified the provisions relative to witnesses only so far as to commit the entire subject of requiring sureties for their appearance to the officers mentioned in the act, and that it was not the intention of the act of 1875 to confer by implication a power of imprisonment which did not theretofore exist, and the circuit court commissioner had no legal authority to order the plaintiff's commitment. *Comfort* v. *Kittle, supra.* It follows that the authority retained by justices of the peace to require personal recognizances of witnesses in cases triable before them and of circuit court commissioners to require bail in such cases is not capable of enforcement, and, for all practical purposes, is a nullity.

It remains to consider whether the justice of the peace and, therefore, the defendant, were protected against liability by the rule excusing judicial officers for errors of judgment in the performance of judicial duties in cases where they have jurisdiction. We do not think this case comes within the rule. Under the terms of the statute, neither the commissioner nor the justice had any jurisdiction for imprisoning the defendant, and in attempting to do so they were as clearly acting outside of their jurisdiction as they would have been in directing the imprisonment of a defendant in an action on a promissory note upon default of payment of the judgment. *La Roe* v. *Roeser*, 8 Mich. 537; *Guenther* v. *Whiteacre*, 24 Mich. 504.

The judgment is reversed, and a new trial granted.

MONTGOMERY, C. J., and MCALVAY, BROOKE, and STONE, JJ., concurred.