## BATES *v.* KITCHEL.

1. FALSE IMPRISONMENT—ABUSE OF PROCESS—JUSTIFICATION.

In an action for false imprisonment, in which plaintiff produced evidence that he was a resident of California, and while temporarily in Michigan was a witness for the people in a prosecution against defendant, accused of running his automobile at an unlawful rate of speed, that defendant maliciously procured an order of the justice of the peace committing plaintiff to the custody of the sheriff, for failure to give a recognizance to appear as a witness on appeal of said cause, at a future term of the circuit court, under 3 Comp. Laws, § 11856, the order being a nullity and the imprisonment unlawful, it was not a defense to the action that plaintiff might have given the recognizance and escaped the imprisonment.

2. TRIAL—ARGUMENT—HARMLESS ERROR.

Argument of counsel to the effect that the jury might consider, in determining the question of damages, what they would have been entitled to under the same circumstances, although improper, was not reversible error, where the court interrupted counsel and stated the proper rule, and though plaintiff's attorney persisted in his statement, no further objection was taken, no request to charge on the point was presented, and the verdict was not excessive or against the evidence.

3. APPEAL AND ERROR—RECORD—CORRECTION.

On error, this court cannot revise the bill of exceptions which the trial judge corrected so as to differ from the stenographer's minutes of the charge and in accordance with the judge's recollection of the instructions actually given.

4. FALSE IMPRISONMENT—DAMAGES—HUMILIATION.

It was competent to receive in evidence testimony of the annoyance, etc., suffered by plaintiff in connection with evidence tending to show defendant's malice.

5. EVIDENCE—DOCKET OF JUSTICE OF THE PEACE.

The petty nature of the charge on which defendant was tried might properly be proved from the docket entries of the justice.

6. DAMAGES — EXPENSE OF PROCURING RELEASE FROM FALSE
    IMPRISONMENT.
    The costs and expenses of proceedings in habeas corpus, insti-
    tuted by plaintiff to procure his release from commitment
    under the illegal order of the justice, was an element of
    damages recoverable in an action of false imprisonment.

Error to Branch; Chester, J., presiding. Submitted
June 16, 1911. (Docket No. 73.) Decided September
29, 1911.

Case by Charles Bates against Horace Kitchel for false
imprisonment. Judgment for plaintiff. Defendant
brings error. Affirmed.

*B. E. Barlow*, for appellant.

*Leonard F. Humphrey* and *Frank B. Reynolds*
(*Frank A. Lyon*, of counsel), for appellee.

OSTRANDER, C. J. A judgment rendered for the
defendant upon a former trial of this cause was reversed
and a new trial granted. *Bates* v. *Kitchel*, 160 Mich.
402 (125 N. W. 684). There has been another trial,
resulting in a verdict in favor of the plaintiff for $750.
The former opinion of this court states somewhat fully
the genesis of this action. It is sufficient to say here
that the plaintiff was a witness for the people in a certain
criminal proceeding instituted against defendant, in which
proceeding defendant was found guilty in justice's court
in the city of Coldwater and appealed to the circuit court.
Defendant made an application to a circuit court commis-
sioner in which he recited his conviction and appeal, asked
for and procured an order directed to the sheriff of the
county to bring plaintiff before the commissioner to show
cause why he should not be required to enter into a recogn-
izance to appear in the circuit court, to be held some
months later, to testify. It is stated in the said petition
of defendant that plaintiff resides in California, intends to
return there, and that the railroad fare and expenses of a

journey from California to Coldwater and return is about
$300. After a hearing, the commissioner ordered plain-
tiff to enter into a recognizance, with one sufficient surety,
in the sum of $500, for his personal appearance at the
next October term of the circuit court, and in default, to
be committed to prison to remain until he complied with
the order or was lawfully discharged. Plaintiff declined
to give the recognizance, and the justice of the peace com-
mitted him. Plaintiff gave a jail limits bond and was
later discharged in habeas corpus proceedings. The
authority of the magistrate to commit the witness was
denied in the former decision of this court. At the trial
defendant offered no testimony and requested the court
to direct a verdict for defendant. The exceptions relied
upon in this court are:

(1) To the ruling refusing a directed verdict for defend-
ant.

(2) To the order denying the motion for a new trial.

(3) To rulings admitting certain testimony to show
damages prior to the commitment.

(4) To a ruling permitting plaintiff to amend his decla-
ration.

(5) To a ruling admitting evidence of certain habeas
corpus proceedings and the expense thereof.

(6) To a ruling admitting in evidence the docket entries
in the criminal case.

(7) And to refusals to charge as requested and to the
charge as given.

1. The order of the circuit court commissioner requiring
plaintiff to enter into the recognizance—to give bail—was
not an unlawful order, although incapable of enforcement.
*Bates* v. *Kitchel, supra.* That part of the same order
which required plaintiff to be committed for default or re-
fusal to enter into the recognizance was a nullity. *Id.*
Appellant seeks to divide the order in this way and asks
us to rule that, because plaintiff might have given the
recognizance, but deliberately and wilfully refused to do
so, it is his disobedience of that portion of the order, and
not the enforcement of the remainder thereof, which

brought about the results of which he complains, for which reason he ought not to be permitted to recover. This is the argument advanced in support of the motion for a directed verdict. It fails to take into account the fact that the testimony tends to prove that the effort to compel plaintiff to appear as a witness in the circuit court was a single one, conceived in malice; that defendant sued out and was instrumental in enforcing the order as made. Defendant was charged with driving an automobile at an unlawful rate of speed. Plaintiff, temporarily in the vicinity, on a visit, was a witness for the people. It is impossible to conceive of a proper motive of defendant for requiring him to return to Coldwater, from California, to give testimony on the trial of the appeal.

2. The first ground asserted for a new trial is the argument of one of the counsel for the plaintiff, in which argument it is claimed an incorrect measure of damages was stated to the jury and counsel appealed to the prejudices of the jury. Counsel for plaintiff said in his argument to the jury, in the course of which he was interrupted by counsel for the defendant with numerous announcements of exceptions to his remarks, among other things:

"Now, that is not the absolute test; but I apprehend you have got a right to take into consideration what you would think that you were entitled to under the circumstances. . You have got a right to consider that, gentlemen of the jury, what you would think it had damaged you, your feelings, if you had been subjected to that. There is no other way that you can get at it."

And much more to the same effect, to which he added:

"That is the law, gentlemen of the jury, and the court, if he tells you anything about it, will tell you so.

"*The Court:* I think when they get there, Mr. Lyon, they have got to find out what the damage is to him, not what it is to them, or would be to them.

"*Mr. Lyon:* I say they have got a right to take it into consideration in determining that, and I stated that that would not be the absolute rule, but they have got a right to take that into consideration.

"*Mr. Barlow:* We take particular exception to the remark of counsel that a certain thing is the law regardless of what the court charges.

"*The Court:* The jury must take the law from the court and not from counsel.

"*Mr. Lyon:* As I stated to you, gentlemen of the jury, it is not what you would charge to be subjected to that—no, no, that is not it, because, if you were to be asked how much you would charge to be subjected to that humiliation, you would say, I wouldn't do it at all for all that Horace Kitchel has got—but you have got a right to take that into consideration, what you think it would injure your feelings."

Upon the other side, it is contended that the argument was a proper argument, and, in any event, that appellant is not in a position to raise the question of its propriety. Concerning the last proposition, counsel relies upon *Maclean* v. *Scripps*, 52 Mich. 214, 222, 223 (17 N. W. 815, 18 N. W. 209); *Mayo* v. *Wright*, 63 Mich. 32 (29 N. W. 832); *Henry C. Hart Manfg. Co.* v. *Car Co.*, 65 Mich. 564 (32 N. W. 820); *Pierson* v. *Railroad Co.*, 149 Mich. 167 (112 N. W. 923); *Miller* v. *Lachman*, 117 Mich. 68 (75 N. W. 284); *Formiller* v. *Railway*, 164 Mich. 653 (130 N. W. 347)—all of which are cases holding that remarks of counsel supposed to be objectionable should be called to the attention of the court in such a manner as to secure a ruling thereon at the time they are made, and that this court will not sit in review on questions when it appears that they were not passed upon or a ruling asked in the court below. In *Mayo* v. *Wright, supra*, it was said:

"Two ways are open for counsel for a defendant when the plaintiff's counsel, in his closing argument to a jury, takes positions not warranted by the pleadings and evidence. One is to object to the statements of counsel, and obtain a ruling of the court upon them, as to whether they are proper or improper to be made; the other is to request the court to instruct the jury upon the point, so that any false or erroneous positions may be corrected. The latter is the preferable method, as it conduces to a

more orderly and seemly disposition of the matter in dispute, while a resort to the former interrupts argument, and is apt to foment contention and distract the mind of the jury."

In the case at bar, objections were made in such a manner as to call the attention of the court to the argument which counsel was making, and the court, interrupting counsel, stated a proper rule.   The real point to the objection which is made is that, after the court had stated the law, counsel continued his argument in such a manner as to intensify rather than abate any prejudice which his former argument had created.   It is well known that men's reasoning processes, as well as their actions, are influenced, often unconsciously, by suggestion, and in this argument, both before and after the interruption and ruling of the court, are suggestions calculated to influence jurors to take into consideration matters which, if avowedly made the basis of a decision, would require that the decision be set aside.   But counsel for defendant asked for no other or further ruling, the court stated a correct rule in the charge, and the verdict does not appear to have been the result of passion or of prejudice.   It is not, in our opinion, clearly excessive, in view of all of the testimony.

One of the reasons for a new trial assigned by the defendant was that, as shown by a transcript of the minutes of the official stenographer, the court instructed the jury not to take into consideration, in mitigation of damages, the fact that defendant was advised by his counsel that he had a lawful right to require plaintiff to appear as a witness in the circuit court, if he received such advice and in good faith acted upon it.   In denying the motion for a new trial, the court expressed himself as satisfied that he laid down a precisely contrary rule, in accord with a request preferred by counsel for defendant and with the bill of exceptions as settled.   We cannot revise the bill on error.

3, 4, 6.   It is the contention of plaintiff that the entire

proceeding to compel him to recognize to appear as a witness was intended to annoy—to get even with—him. As has been stated, there was testimony tending to support this contention. It was not error, therefore, to admit testimony tending to prove all the annoyance, vexation, and humiliation suffered by plaintiff from the inception of the proceeding. It was a part of plaintiff's case to prove the petty nature of the charge made against defendant in justice's court, and this was as well proved by the docket entries as in any other way.

If the declaration required amendment in order to make it certain, or more certain, that all damages resulting from the attempt of defendant to compel plaintiff to appear as a witness were claimed, no reason was suggested by counsel for defendant for not permitting an amendment to be made. He contented himself by excepting to the ruling.

5. The habeas corpus proceedings were instituted after the bond for jail limits was given. The jury was advised that the cost and expenses in the habeas corpus proceeding were to be considered in estimating plaintiff's damages. Defendant requested the court to charge otherwise.

In *Fuller* v. *Bowker*, 11 Mich. 204, which was an action for false imprisonment, it was held that, if one arrested on a void execution gives a bond for jail limits, the bond is void, and he cannot in such an action recover damages for remaining in the county according to the terms of the bond. What was shown in that case was that plaintiff's business took him out of the county, that he was requested upon one or more occasions to go out of the county, and was damaged because he could not attend to business outside of the county. In the case at bar, it will be presumed that if plaintiff had not given the bond for jail limits he would have been imprisoned. If he had been imprisoned, we assume it would not be contended that the expense of procuring his discharge in habeas corpus proceedings was not recoverable in an action for false imprisonment. Assuming that the bond he gave for the jail limits was void because the commitment was void,

and that his presence in the county was therefore, in the eye of the law, voluntary, the expense of procuring a discharge from his commitment was a direct and necessary result of the unlawful imprisonment. See, as bearing upon the subject, *Friesenhan* v. *Maines*, 137 Mich. 10, 15 (100 N. W. 172); *Castor* v. *Bates*, 127 Mich. 285 (86 N. W. 810, 89 Am. St. Rep. 471).

7. We have examined the charge of the court in the light of the criticisms made by counsel for appellant and are of opinion that it correctly stated the issues of fact and the applicable rules of law.

We find no error, and therefore affirm the judgment.

BIRD, BROOKE, BLAIR, and STONE, JJ., concurred.