PEOPLE *v.* BEASLEY.

1. Criminal Law—Misdemeanors—Felonies—Evidence.
   Evidence presented upon trial of appellant woman for misdemeanor of resorting to a room for immoral purposes and of appellant man on charge of frequenting and attending a house of prostitution *held*, to have amounted in law to the felony of conspiracy to commit the misdemeanor for which conspiracy defendants were later tried and convicted (CL 1948, § 768.4).

2. Same—Felonies—Misdemeanors—Punishment.
   A felony in this State is distinguishable from a misdemeanor as a grade of crime only by reason of the place and severity of punishment.

References for Points in Headnotes
[1] 11 Am Jur, Conspiracy § 3.
[2] 14 Am Jur, Criminal Law § 13.
[3] 11 Am Jur, Conspiracy §§ 2, 3.

3. CONSPIRACY—COMMON LAW—STATUTES.

Conspiracy to do an unlawful act was an indictable offense at
common law and was a misdemeanor only, but under the penal
code it is a felony (CLS 1956, § 750.505; CL 1948, § 761.1).

4. SAME—EVIDENCE IN TRIAL OF MISDEMEANOR AMOUNTING IN LAW
TO A FELONY.

The statute providing that "if, upon the trial of any person for a
misdemeanor, the facts given in evidence amount in law to a
felony, he shall not by reason thereof, be entitled to an ac-
quittal of such misdemeanor, and no person tried for such
misdemeanor shall be liable to be afterwards prosecuted for
felony on the same facts," unless court takes case from jury and
directs indictment for felony, does not preclude prosecution
for felony because trial was not of the *same* misdemeanor, but
only where *the facts given in evidence amount in law* to a
felony (CL 1948, § 768.4).

Appeal from Genesee; McGregor (Louis D.), J.
Submitted January 9, 1963. (Calendar No. 13,
Docket No. 49,439.) Decided May 9, 1963.

Hayward Beasley and Hattie Beasley, following
trial on misdemeanor in municipal court, were con-
victed in circuit court on charge of conspiracy to
violate the vice laws. Reversed.

*Walter P. Kuta,* Prosecuting Attorney, and *Ed-
ward P. Joseph,* Assistant Prosecuting Attorney, for
the people.

*Milton R. Henry,* for defendants.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Donald T. Kane,*
Assistant Attorney General, filing brief on request
of Court, recommending reversal.

O'HARA, J. Hayward and Hattie Beasley, whose
relationship with one another is not clear from the
record, were tried in the municipal court of Flint

on separate misdemeanor charges, under Flint city ordinances. Hayward, charged with "frequenting or attending a house of prostitution," was acquitted. Hattie, charged with "resorting to a room for immoral purposes," was convicted. The trials were held on March 17, 1961.

On May 2 and 3, 1961, both were tried in the Genesee circuit court on an information charging:

"That Hattie Mae Beasley and Hayward Beasley, heretofore, to-wit: on or about the 25th day of January, in the year 1961, at the city of Flint, in said Genesee county, did feloniously and unlawfully conspire, confederate, combine, and agree together, with each other to violate sections 448, 449, and 450 of * * * [PA 1925, No 231] as amended,* the same being provisions of the Michigan criminal code, prohibiting the soliciting and accosting for immoral purposes, the admitting to a place for the purpose of prostitution, and the aiding and abetting in * * * admitting to a place for the purpose of prostitution."

Admittedly, the arrests for both the misdemeanors and the conspiracy-felony rose out of the events of the night of January 25, 1961, in the city of Flint. Fairly stated they are: Defendants cruising the streets of Flint with Hayward driving and Hattie in the front seat with him, caught the attention of another motorist by Hattie waving to him. He turned his car into a vacant parking lot and the defendants followed him. Hattie came over to his car and inquired as to his disposition toward some recreational activities which require relative privacy. He was so disposed. The price was agreed upon and Hattie told him to "follow the Chrysler" which Hayward was driving and in which she had been riding.

* PA 1925, No 231, as amended, has been repealed and superseded by PA 1931, No 328, with sections as indicated in the information as filed. See CL 1948, §§ 750.448–750.450 (Stat Ann 1954 Rev §§ 28.703–28.705).

Their common destination was a dwelling place which Hayward and Hattie had previously rented under the somewhat unimaginative assumed names of "Mr. and Mrs. Smith." It may reasonably be inferred from the testimony that the premises were rented as the locale for the activities previously mentioned.

Unbeknown to defendants and despite their carefully executed evasive action on the route to the rendezvous, 2 detectives from the Flint police department vice squad, 1 of whom testified he had known Hattie and Hayward for a year—apparently in his, the detective's, professional capacity—were in close pursuit, having witnessed the events hereinbefore described. Before the transaction could be concluded, or even initiated, the officer presented himself at the door, arrested and escorted all the participants to headquarters where the misdemeanor charges were preferred. After the complaints were made for the misdemeanors, the detective-sergeant in charge of the case had some further conversation with the defendants. Thereafter he consulted with the prosecuting attorney and the conspiracy warrant was authorized.

As the record comes to this Court therefore, the defendants were both tried in municipal court for the misdemeanors and the conspiracy-felony in circuit court. Because of the gravity of the issue presented, we asked for an additional brief from the attorney general on the applicability and effect of CL 1948, § 768.4 (Stat Ann 1954 Rev § 28.1027). This matter was first enacted as PA 1855, No 77, § 4. It was repealed by PA 1927, No 175, and re-enacted therein as chapter 8, § 4, and later reference thereto will be made.

In consequence of the conviction on the conspiracy charge, defendant Hayward Beasley was sentenced to from 4 years and 11 months to 5 years (the maximum) and Hattie Beasley from 2 to 5 years.

By motion timely made in advance of trial defense, counsel objected to prosecution for the felony by reason of the applicability of the statute which we here set forth:*

"Sec. 4. If, upon the trial of any person for a misdemeanor, the facts given in evidence amount in law to a felony, he shall not by reason thereof, be entitled to an acquittal of such misdemeanor, and no person tried for such misdemeanor shall be liable to be afterwards prosecuted for felony on the same facts, unless the court before which the trial shall be had, shall discharge the jury from giving any verdict upon such trial, and shall direct such person to be indicted for felony."

Though defendants' diligent counsel has assigned manifold error including but not limited to the admissibility of statements of defendants tending to prove the conspiracy before the *corpus delicti* of the crime was established, we believe decision is controlled by the statute above set forth.

The record sustains the defendants' contention that the facts given in evidence upon the trial of the misdemeanor amounted in law to a felony. That felony was conspiracy to commit the misdemeanors specified in the information. A felony in this State is distinguishable from a misdemeanor as a grade of crime only by reason of the place and severity of punishment. *People* v. *Causley,* 299 Mich 340.

At common law, conspiracy to do an unlawful act was an indictable offense. *People* v. *Causley, supra.* Our legislature has not changed this rule. While at the common law, the crime of conspiracy was a misdemeanor only, under our penal and criminal codes it is a felony. This is by reason of the operation of CLS 1956, § 750.505 (Stat Ann 1954 Rev § 28.773), providing as follows:

---

* CL 1948, § 768.4 (Stat Ann 1954 Rev § 28.1027).

"Any person who shall commit any indictable offense at the common law, for the punishment of which no provision is expressly made by any statute of this State, shall be guilty of a felony, punishable by imprisonment in the State prison not more than 5 years or by a fine of not more than $10,000, or both in the discretion of the court."

Since no provision is expressly made for punishment of the unrepudiated common-law offense of conspiracy to do any unlawful act, conviction therefor is punishable as this section provides. This penalty provision makes the offense a felony under the definition in the code of criminal procedure (CL 1948, § 761.1 [Stat Ann 1954 Rev § 28.843]):

"The term 'felony' when used in this act, shall be construed to mean an offense for which the offender, on conviction may be punished by death, or by imprisonment in State prison."

Defendants therefore find themselves in the situation familiar to every first year criminal law student, and illustrated usually by the example—"to spit on the sidewalk 10 days or $10—to conspire to spit on the sidewalk 5 years."

It may not be untoward at this point to commend to our co-equal legislative branch the examination of this anomaly. For there has happened in this case what was prophetically urged might happen by defense counsel (pp 351, 352) in *Causley, supra,* 20 years ago:

"Defendant fears that, unless we somehow decide that section 505* of the penal code does not mean what it says when it defines as felonies all offenses indictable at common law for the punishment of which no provision is expressly made by any statute of this State, in the future, some overzealous prosecutor will prosecute 2 or more persons for conspiring

* Quoted *supra.*—REPORTER.

to commit some very petty misdemeanor, and some unrestrained trial judge will then proceed to impose the maximum sentence which section 505 permits. While we do not share his apprehension, we are not unmindful of the possibility which defendant suggests. His argument may well appeal to the legislature."

We need not comment on whether the argument "appeals" to the legislature but we should, we believe, again call attention to the problem.

We arrive therefore at the issue to which the attorney general addressed himself through the solicitor general at our request. How does CL 1948, § 768.4 (Stat Ann 1954 Rev § 28.1027), hereinbefore set out, apply to the instant case? His brief contains the following counter-statement of questions involved:

"May a person be convicted or acquitted of a misdemeanor and thereafter be tried and convicted of conspiracy to commit a misdemeanor where substantially the same evidence is introduced in both trials?

"The trial court answered 'Yes.'

"The attorney general contends the answer should be 'No.' "

We are constrained to agree with the attorney general.

We believe, however, that the helpful brief of the attorney general contains a contradiction premise. On page 2 it is postulated "a person may not be convicted or acquitted of a misdemeanor and thereafter tried and convicted of conspiracy to commit the same misdemeanor where substantially the same evidence is introduced in both trials."

Strictly speaking, defendants were not convicted or acquitted of the *same* misdemeanor, conspiracy to commit which was the subject of their later felony-prosecution. There is no doubt the subject matter

of the Flint city ordinances under which they were respectively convicted and acquitted, and the misdemeanors specified in the felony information, dealt with the same basic offenses. Hence, the proofs of the one were in substance the proofs of the other. The same witnesses—save a Mrs. Hartfield who rented them the involved premises—testified in both trials, as the detective-sergeant who made the arrest conceded on cross-examination:

"*Q.* Officer Peek, you are a police officer with the city of Flint, aren't you?
"*A.* Yes, sir.
"*Q.* You are the same Officer Peek who testified in the trial of Hattie Beasley and Hayward Beasley in the municipal court for the city of Flint for allegedly being disorderly persons by resorting to a room for immoral purposes, and by occupying and using a room for immoral purposes? Aren't you the same officer?
"*A.* Yes, I am.
"*Q.* You testified to exactly the same facts in that proceedings which you are testifying to here, which you are now testifying to here, is that right?
"*A.* Will you repeat that question?
"*Q.* Your testimony here is a repetition of—substantially a repetition of the same testimony that you gave before?
"*A.* It is substantially the same, sir."

It is to be noted that the controlling section of the statute does not, as the solicitor general does, mention the *same* misdemeanor. It recites:

"If, upon the trial  *  *  *  for *a* misdemeanor, the *facts given in evidence amount in law to a felony,*  *  *  *  no person tried for *such* misdemeanor shall  *  *  *  be afterwards prosecuted for felony on the same facts." CL 1948, § 768.4 (Stat Ann 1954 Rev § 28.1027).

In the trial of defendants in the municipal court of Flint for the misdemeanors, the facts given in evidence were almost identical with those given in evidence in the circuit court felony prosecution. It cannot seriously be contended that the testimony of Mrs. Hartfield that she rented defendants a room under an assumed name, standing alone, proved the conspiracy. If the facts other than this testimony proved a conspiracy in the circuit court, it is an inescapable conclusion that they "amounted in law to a felony" when they were "given in evidence" in the municipal court.

For whatever grave future implications the wording of the statute may have for our criminal jurisprudence, the words are a clear legislative mandate "no person shall be liable to be afterwards prosecuted for felony on the same facts."

Clearly the defendants' conviction must be set aside and their discharge ordered.

It may well be that the statute originally passed at a time when common-law conspiracy was a *misdemeanor,* was directed at the then troublesome question of merger of the lesser offense in the greater, where the same act at common law constituted both a felony and a misdemeanor (see 1 Brill, Cyclopedia of Criminal Law, § 16). Since that time the penalty section of our criminal code has made the common-law offense a felony. Therefore, the situation presented to the Court in *People v. Arnold,* 46 Mich 268, cannot now arise since the common-law conspiracy at that time was a misdemeanor and the question was its merger in the felony shown to have been presented, namely, obtaining the sum of $50 by false pretenses.

As observed by Justice Cooley in *Arnold, supra* (p 275):

"When therefore the prosecution showed the commission of a felony, the case was presented which

the statute contemplates, and when the judge permitted the case to go to the jury, he determined finally the question now made."

We are not unmindful of the potentially undesirable results possible by reason of some inept prosecution or an unaware magistrate, where conviction of a grossly inadequate misdemeanor charge could operate as a bar to prosecution for a felony when the "facts given in evidence amount in law to a felony."

The correction of this situation, if it is to be made, must be by legislative action, and to this also our coordinate legislative branch may wish to give timely attention.

In the case at bar, the conviction in the circuit court is reversed and set aside.

Carr, C. J., and Dethmers, Kelly, Black, Kavanagh, and Souris, JJ., concurred.

Smith, J., took no part in the decision of this case.

