## PEOPLE *v.* LEWIS

1. RIOT — INCITING — FELONIES — INDICTMENT AND INFORMATION — CRIMINAL LAW — COMMON LAW — STATUTES.

   Informations charging defendant with inciting to riot and rioting were proper under statute providing that any person who commits any indictable offense at common law, the punishment for which is not expressly made by any statute, shall be guilty of a felony punishable by imprisonment or by fine, or both (MCLA § 750.505).

2. RIOT—INCITING—COMMON LAW—INDICTMENT AND INFORMATION—INDICTABLE MISDEMEANORS.

   Inciting to riot and rioting were indictable at common law as misdemeanors but not as felonies.

3. RIOT—UNLAWFUL ASSEMBLY—STATUTES—CRIMINAL LAW—PUBLIC OFFICIALS—DUTIES.

   Statute relating to riots and unlawful assemblies neither expressly nor impliedly prohibits or punishes inciting to riot or rioting but primarily sets forth duties and procedures to be followed by public officials if a certain number of persons, armed or not, unlawfully, riotously, or tumultuously assemble (MCLA § 750.521 *et seq.*).

4. RIOT — INCITING — UNLAWFUL ASSEMBLY — STATUTES — CONSTRUCTION — PUNISHMENT — FELONIES.

   Statute relating to riots and unlawful assemblies does not impliedly prohibit inciting to riot and rioting; such an implication is unwarranted inasmuch as both inciting to riot and rioting were indictable offenses at common law and, as such, absent any express statutory punishment, are punishable as felonies under the statute providing that any indictable offense at common law shall be punished as a felony (MCLA §§ 750.505, 750.521 *et seq.*).

---

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 46 Am Jur, Riots and Unlawful Assembly §§ 14, 15.
[5] 46 Am Jur, Riots and Unlawful Assembly §§ 3–6.

5. Riot—Unlawful Assembly—Statutes—Construction.

> The legislature did not intend that the statute relating to the
> unlawful assembly of 12 or more armed persons or of 30
> or more persons whether armed or not, be construed as prohi-
> biting riots because such a construction would require a hold-
> ing that either that statute preempted the field as to rioting
> and therefore there was no prohibition against rioting by
> less than 12 armed persons or by less than 30 persons, whether
> armed or not, or, alternatively, that the common law applied
> when less than 12 armed persons or less than 30 armed or
> unarmed persons rioted, the latter construction resulting in
> the smaller groups of rioters being punished as felons and
> the larger groups of rioters as misdemeanants (MCLA § 750-
> .521 et seq.).

Appeal from Recorder's Court of Detroit, George W. Crockett, Jr., J. Submitted Division 1 October 14, 1969, at Detroit. (Docket Nos. 5,335, 5,531, 5,532.) Decided December 9, 1969.

Michael Lewis was charged with inciting to riot and rioting. Informations quashed. The people appeal. Reversed and remanded for reinstatement of the informations.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

Before: Lesinski, C. J., and J. H. Gillis and Danhof, JJ.

Danhof, J. This appeal arises out of actions allegedly occurring in Detroit on July 23, 1967, the day the infamous "Detroit riots" started. Defendant was subsequently arrested and charged in three separate informations with inciting to riot and riot-

ing, contrary to CLS 1961, § 750.505 (Stat Ann 1954 Rev § 28.773) which reads:

"Any person who shall commit any indictable offense at the common law, for the punishment of which no provision is expressly made by any statute of this state, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 5 years or by a fine of not more than $10,000.00, or both in the discretion of the court."

Defense counsel moved to quash the informations, and after a hearing Judge George W. Crockett, Jr., of recorder's court, granted the motion stating in the conclusion of his opinion:

"It follows that the prosecuting authorities are in error in their attempt to charge this defendant with a felony under CLS 1961, § 750.505. Rioting is 'an act * * * not a felony' which is 'punishable according to law' (Stat Ann 1954 Rev § 28.789, *et seq*). It is, therefore, a misdemeanor under Stat Ann 1962 Rev § 28.198 just as it was at common law. The statute which expressly prohibits rioting (Stat Ann 1954 Rev § 28.789, *et seq*.) does not provide a penalty for rioting as such and was not meant to do so; rather it is limited to setting forth the procedure for quelling a riot. Therefore, rioting remains a misdemeanor under Stat Ann 1962 Rev § 28.199. And since the punishment for this misdemeanor is not specially prescribed, the offense of rioting is punishable by 90 days imprisonment or a fine of 100 dollars, or both."

The people have appealed claiming that the offenses charged were indictable at common law, even though defined at common law as misdemeanors. They further claim that the statute pertaining to riots and unlawful assemblies sets out a course of procedure to be followed by public officials and other persons to stop rioting once it is under-

way, but is not a specific penal statute which proscribes and punishes rioters and unlawful assemblies of persons as separate substantive offenses. CL 1948, § 750.521 et seq. (Stat Ann 1954 Rev § 28.789 et seq.)*; and, that therefore, defendant was properly charged under CLS 1961, § 750.505, supra, as a felon.

The people's contention that both inciting to riot and rioting were indictable offenses at common law as misdemeanors but not as felonies, is not disputed. Also, it is clear that some offenses which were misdemeanors at common law are punishable as felonies under CLS 1961, § 750.505. People v. Beasley (1963), 370 Mich 242; People v. Pickett (1954), 339 Mich 294; People v. Causley (1941), 299 Mich 340.

Thus, the issue is whether defendant was properly charged with felony violations under CLS 1961, § 750.505, or whether he should have been charged with misdemeanors under CL 1948, § 750.504 (Stat Ann 1954 Rev § 28.772) which reads:

"A person convicted of a crime declared in this or any other act of the state of Michigan to be a misdemeanor, for which no other punishment is specially prescribed by any statute in force at the time of the conviction and sentence, shall be punished by imprisonment in the county jail for not more than ninety (90) days or by a fine of not more than one hundred (100) dollars, or by both such fine and imprisonment."

Also relevant is CL 1948, § 750.9 (Stat Ann 1962 Rev § 28.199) which reads:

---

* Repealed in part by PA 1968, No 302, MCLA 1969 Cum Supp § 752.541 et seq. (Stat Ann 1969 Cum Supp § 28.790[1] et seq.) effective July 1, 1968, which made rioting and incitement to riot felonies.

"When the performance of any act is prohibited by this or any other statute, and no penalty for the violation of such statute is imposed, either in the same section containing such prohibition, or in any other section or statute, the doing of such act shall be deemed a misdemeanor."

Therefore, if at the time defendant was charged, rioting was prohibited by statute but no penalty was imposed, then CL 1948, § 750.9 applied making it a misdemeanor, and misdemeanors for which no other punishment is specially prescribed are properly charged under CL 1948, § 750.504, *supra.*

Examination of CL 1948, § 750.521 *et seq.* (Stat Ann 1954 Rev § 28.789 *et seq.*) shows that it does not expressly prohibit or punish inciting to riot or rioting. Primarily, the statute sets forth duties and procedures to be followed by certain officials if 12 or more armed persons or 30 or more persons, armed or not, unlawfully, riotously or tumultuously assemble.

Nor do we construe the statute as impliedly prohibiting inciting to riot and rioting since such an implication is unwarranted inasmuch as both were indictable offenses at common law, and as such, absent an express statutory punishment, are punishable under CLS 1961, § 750.505 as felonies.

In summary, we hold that there was at the time the informations were issued no statutory prohibition against rioting or inciting to riot; that rioting and inciting to riot were indictable offenses at the common law (even though misdemeanors), and that by the provisions of CLS 1961, § 750.505 these offenses were made felonies and that the defendant was properly charged in the informations.

Additional support is lent to our interpretation of CL 1948, § 750.521 *et seq.* by the fact that were we to construe it as the trial court did as prohibit-

ing riots, then we would have to hold either that it preempted the field as to the crime of rioting and therefore there was no prohibition against rioting by 11 or less armed, or 29 or less armed or unarmed persons, or alternatively, that the common law applies when 11 or less armed or 29 or less armed or unarmed persons riot. This latter construction would result in the smaller groups of rioters being punished as felons and the larger groups of rioters as misdemeanants. It is more likely that the legislature intended the interpretation adopted by this Court.

Reversed and remanded for appropriate action reinstating the informations.

All concurred.