*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

THOMAS JAMES GUTHRIE,

      Defendant-Appellant.

UNPUBLISHED
March 28, 2019

No. 341269
Alpena Circuit Court
LC No. 16-007336-FC

Before: CAMERON, P.J., and BECKERING and RONAYNE KRAUSE, JJ.

RONAYNE KRAUSE, J. *(concurring in part and dissenting in part)*

I concur for the most part with the majority's opinion. I respectfully dissent, however, from the majority's analysis of whether common-law false imprisonment may constitute a predicate felony under the circumstances, and whether defendant's act of placing his hand on the victim's throat constitutes "sadism, torture, excessive brutality, or similarly egregious conduct designed to substantially increase the fear and anxiety a victim suffered" under the circumstances. Additionally, I disagree with the majority's characterization of the charges as "a single instance of first-degree CSC under alternative theories of aggravation," and I am concerned by the majority's resolution of defendant's hearsay argument.

## I. COMMON-LAW FALSE IMPRISONMENT

As the majority observes, the crimes at issue in this matter occurred in 2005, and the Legislature enacted the current unlawful imprisonment statute, MCL 750.520b(1)(c), in 2006. Strictly speaking, "unlawful imprisonment" did not exist in 2005. However, it has long been the case that at common law, "every false imprisonment was an indictable misdemeanor." *In re Jackson*, 15 Mich 417, 431 (1867). It is well established that under MCL 750.505, an offense indictable at common law, even if it had been a misdemeanor, that has not been codified by

statute[1] is a five-year felony. *People v Smith*, 296 Mich 176, 180; 295 NW 605 (1941); *People v Beasley*, 370 Mich 242, 246; 121 NW2d 457 (1963); *People v Lewis*, 20 Mich App 653, 655-658; 174 NW2d 615 (1969); see also, *People v Rehkopf*, 422 Mich 198, 204 n 3; 370 NW2d 296 (1985), superseded in part on other grounds as stated in *People v Thousand*, 465 Mich 149, 170-171; 631 NW2d 694 (2001).

Because false imprisonment was an indictable offense at common law, it is a felony pursuant to MCL 750.505. As the majority notes, MCL 750.505 is a "catch-all" provision. I do not understand why a felony under that statute cannot be a predicate felony, just as every other felony not specifically excluded. I similarly do not understand why such a result would be absurd. I respectfully believe that the majority has not set forth an adequate basis for the extraordinary outcome of departing from the plain language of the statute. I conclude that, under the circumstances of this case, common-law false imprisonment was a proper predicate felony for defendant's CSC-I conviction.

## II. VACATION OF ONE CONVICTION

The majority states that it would vacate one of defendant's convictions in any event, relying on its conclusion that defendant was convicted of a single instance of criminal sexual conduct supported by two alternative theories. It is true that a single, discrete act of penetration may not result in multiple CSC convictions and sentences. *People v Garland*, 286 Mich App 1, 6-7; 777 NW2d 732 (2009). However, I fail to comprehend the reasoning behind the majority's conclusion that the prohibition against multiple sentences for a single act of penetration applies here. The prosecutor's closing argument to the jury stated that "there's two different crimes that are alleged in this case." The trial court instructed the jury that there were "two crimes that are charged here," and it unambiguously then gave the jury separate and complete instructions on each count as separate charges. The jury verdict form reflects two separate charges. Nowhere in the complaint do I find any hint that the charges here were intended to address a single act supported by alternative theories. *Four* acts of sexual penetration were described, and the prosecutor elected to pursue charges for two, *not* one. This is, of course, the prerogative of the prosecutor. Under the majority's reasoning, prosecutors may conclude that any and all acts of criminal sexual conduct by a perpetrator must be charged individually, whether it is 2 acts or 422 acts. This seems a harsh outcome, and it would drastically increase the burden upon both trial courts and juries.

In its discussion of unanimity, the majority also contends that the parties treated the four sexual penetrations as a single act of criminal assault. This is incorrect. Rather than charging a single offense supported by alternative theories, the prosecutor charged two offenses supported

---

[1] I agree with the majority that the elements of common-law false imprisonment are not identical to the elements of statutory unlawful imprisonment, so the latter is not a true codification of the former. Interestingly, however, the terms "false imprisonment" and "unlawful imprisonment" have occasionally been used interchangeably. See, *Jackson*, 15 Mich at 429; *McCullough v Greenfield*, 133 Mich 463, 465; 95 NW 532 (1903); *Bates v Kitchel*, 166 Mich 695, 701-702; 132 NW 459 (1911); *People v Bosca*, 310 Mich App 1, 70 n 21; 871 NW2d 307 (2015).

by four possible acts. Doing so is entirely proper, especially in criminal sexual conduct cases. See *People v Cooks*, 446 Mich 503; 521 NW2d 275 (1994). Importantly, temporal and spatial proximity is irrelevant: each separate act of penetration is definitionally a separate act of criminal sexual conduct. *People v Dowdy*, 148 Mich App 517, 520-521; 384 NW2d 820 (1986); *People v Brown*, 105 Mich App 58, 68-69; 306 NW2d 392 (1981), aff'd in part and vacated in part on other grounds in *People v Robideau*, 419 Mich 458; 355 NW2d 592 (1984); see also *People v Sikorski*, 499 Mich 899; 877 NW2d 155 (2016). This is true even where the prosecution proceeds on the theory that a defendant's acts constituted a continuing offense. See *Cooks*, 446 Mich at 529 n 32. The plain language of MCL 750.520b shows that the *actus reus* of CSC-I is the act of penetration, under certain enumerated aggravating circumstances. Four acts of penetration, under any of the enumerated aggravating circumstances, are inherently and by definition four discrete commissions of CSC-I.

I believe the majority relies excessively on the prosecution's remark, *at the preliminary examination*, about the charges being "in the alternative." What is relevant is only how the jury was instructed and what the evidence showed. Likewise, the prosecutor's remarks at sentencing do not appear to me reflective of anything more than the prosecution having exercised the discretion to charge fewer crimes than could have been charged. Again, those remarks were not directed to the jury. Four acts of penetration were alleged, of which two were charged: defendant's commission of one oral penetration and defendant's commission of one anal penetration.[2] It is undisputed that the penetrations actually occurred; rather, defendant's theory of the case was strictly that the acts were consensual. Because both of the charges allowed penetration of either the victim's mouth or anus, I do not find the acts "materially distinct" under the circumstances. Consequently, there was no potential need for the prosecutor to expressly tie a specific act to either charge. See *People v Gadomski*, 232 Mich App 24, 30; 592 NW2d 75 (1998).

The record indicates that each of defendant's convictions was based on a distinct act of criminal sexual conduct. The fact that they were charged under different theories or occurred in close temporal proximity are "red herrings" of purely speculative significance, if any. Neither of defendant's convictions should be vacated.

III. EXCESSIVE BRUTALITY

---

[2] The uncharged offenses entailed defendant forcibly fellating the victim and forcing the victim to anally penetrate him. Notably, CSC-I specifies "sexual penetration *with* another person" (emphasis added), not "by the defendant." A defendant need not personally commit the penetration to be guilty of CSC-I. *People v Sommerville*, 100 Mich App 470, 480-481; 299 NW2d 387 (1980), abrogated in part on other grounds by *People v Johnson*, 432 Mich 931 (1989) (holding that fellatio is not established merely by contact); See also *People v Hack*, 219 Mich App 299, 303; 556 NW2d 187 (1996); and *People v Mathis*, unpublished per curiam opinion of the Court of Appeals, issued January 14, 2016 (Docket No. 323821), pp 1-2. Although *Mathis* is unpublished and therefore not binding, MCR 7.215(C)(1); MCR 7.215(J)(1), I fully agree with and adopt its reasoning.

As the majority recites, at the relevant time, MCL 777.37(1)(a) required OV 7 to be scored at 50 points if the offender treated the victim "with sadism, torture, or excessive brutality or conduct designed to substantially increase the fear and anxiety a victim suffered during the offense." All crimes entail some degree of fear and anxiety on the part of the victim. *People v Hardy*, 494 Mich 430, 442; 835 NW2d 340 (2013). The analysis under OV 7 is not whether an act is "brutal" or "excessively brutal" in the abstract, but whether, *under the circumstances*, "the defendant engaged in conduct beyond the minimum necessary to commit the crime, and whether it is more probable than not that such conduct was intended to make the victim's fear or anxiety increase by a considerable amount." *Id*. at 443; see also *People v McFarlane*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket No. 336187, slip op at pp 11-12). The statute uses the word "or," which we cannot ignore. Focusing on brutality versus excessive brutality is, at a minimum, an incomplete analysis without considering whether the conduct itself "was intended to make the victim's fear or anxiety increase by a considerable amount."

In any event, it is simply irrelevant whether defendant's act of placing his hand on the victim's throat did or did not constitute "choking." During any kind of violent encounter, an act of "going for the throat" constitutes a serious threat above and beyond merely restraining a person, especially given defendant's contemporaneous act of raising a fist while threatening to knock the victim out. Repeatedly pushing the victim back into his chair, grabbing the victim by his throat, and threatening to knock the victim out is excessive brutality. At a minimum, I cannot find that the trial court committed clear error by concluding that defendant's conduct went beyond the minimum necessary to commit a sexual assault and was intended to substantially increase the victim's fear or anxiety. I believe the majority inappropriately palliates defendant's threatening conduct, especially during the course of a sexual assault. The trial court correctly scored OV 7 at 50 points.

## IV.  HEARSAY

I agree with the majority that if there was any error regarding the admission of testimony from witnesses who testified that the victim had told them that defendant had raped him, any such error was harmless. I further agree that defense counsel's failure to object to that testimony did not constitute ineffective assistance. However, I would not state that the testimony *was* inadmissible hearsay. The record suggests a fair possibility the testimony would have been properly admissible excited utterances under MRE 803(2), or properly admissible under some other exception to the hearsay rule. The lack of objections resulted in the issue never being discussed, and therefore remains only a possibility. However, because of that possibility, I cannot agree that the admission of the testimony was plain error.

I would affirm defendant's convictions and sentences.

/s/ Amy Ronayne Krause

-4-