BONWIT TELLER & COMPANY OF PHILADELPHIA, Plaintiff, *v.* FRANK STAUB FURS, INC., Defendant.

Supreme Court, Trial Term, New York County, May 24, 1955.

*Friedman, Glick & Wachtel* for plaintiff.

*Joseph H. Schindler* for defendant.

PARELLA, J. The issues herein were tried without a jury. Findings of fact and conclusions of law were waived.

Plaintiff is a retail store in the city of Philadelphia, State of Pennsylvania. The defendant is a fur manufacturer. Plaintiff purchased a mink coat from the defendant on or about September 1, 1948, for resale purpose. Thereafter plaintiff sold the

coat at retail to a customer, one Mrs. Ruth J. Wexler. Some time after this sale, Mrs. Wexler brought suit against the plaintiff in the Court of Common Pleas, in Philadelphia, Pennsylvania, alleging that the coat was defective in that it had a great number of latent defects, to wit: the skins were of a very poor nature, being coarse and without depth, and the coat, in being made, was badly overstretched causing the fur to have no resistance to crushing or wear.

Due notice of this pending suit was given on several occasions by plaintiff to defendant, requesting defendant to come in and defend. This the defendant failed to do. There were two trials and two jury verdicts both in favor of Mrs. Wexler against the plaintiff. The judgment entered against the plaintiff was settled whereupon plaintiff paid to Mrs. Wexler the sum of $3,450. Plaintiff seeks to recover what it paid to Mrs. Wexler and the expenses which it incurred in defending the lawsuit in Philadelphia, to wit: the sum of $4,369.34, as damages because of a breach of an implied warranty in that the coat was not fit for resale and that it was not of merchantable quality.

Plaintiff asserts that since defendant was duly notified of the pendency of the lawsuit wherein the judgment was obtained and was given every opportunity to come in and defend, the judgment recovered by Mrs. Wexler against the plaintiff in Philadelphia is conclusive proof upon the defendant that the coat was defective, not fit for resale and not of a merchantable quality.

It seems to me and I so conclude that the rule that judgments are binding upon one to whom notice of the pendency of an action has been given with the opportunity to come in and defend is of limited application. This rule does not apply in a case of successive transfers of personal property with the same warranty where the warranty is of such a nature that it is merely personal to the particular purchaser to whom it is made. In other words, the warranty to the plaintiff was purely personal to the plaintiff and did not extend to a purchaser of the coat from the plaintiff. See Freeman on Judgments ([5th ed.], vol. I, § 448) particularly the following (p. 983): " And where goods are sold with a warranty of soundness, condition, quality or other similar warranty which is purely personal to the warrantee, and the latter resells the goods with the same warranty, a judgment against him in favor of his warrantee on the warranty is not conclusive in his favor in an action by him against his warrantor, the original seller, even though the latter was notified to defend " and also section 454,

and generally, *Hartford Acc. & Ind. Co.* v. *First Nat. Bank* (281 N. Y. 162).

Accordingly, the verdict and judgment against the plaintiff in the Court of Common Pleas is not binding upon the defendant. However, I am satisfied from a fair preponderance of the independent proof adduced before me that there was a breach of warranty on the part of the defendant since the coat was not fit for resale and was not of merchantable quality. The plaintiff is, therefore, entitled to recover damages from the defendant, but only such damages which ordinarily result from a simple breach of warranty. Counsel fees and other consequential trial expenses are not such damages.

The cost of the coat to the plaintiff was the sum of $2,158 less 8% trade discount and to the customer, Mrs. Wexler, the sum of $2,995 which included the sum of $560 as and for Federal taxes. The coat at the time of the breach was of no value to plaintiff. The said contract contemplated a resale of the coat and an earning of profits by the plaintiff upon said resale. These, therefore, are special damages to which plaintiff is entitled. The futile expenditure of taxes by the plaintiff also represents a loss which is a proximate result of defendant's breach of warranty.

I, therefore, find judgment in favor of the plaintiff against the defendant for the sum of $2,995 together with interest from the 14th day of October, 1948.

All motions upon which decision was reserved and not otherwise disposed of, are denied. There will be fifteen days' stay of execution of judgment and ninety days to make a case. The clerk may enter judgment accordingly.