## FLEISCHER v. BUCCILLI.

1. EQUITY—JURISDICTION—DAMAGES.

Once the court has taken jurisdiction of an equity action it may grant complete relief, including the awarding of damages.

2. DAMAGES—COST OF TITLE INSURANCE.

Plaintiffs failed to prove damages where they alleged that they were forced to purchase policy of title insurance by failure of defendants to furnish one for land conveyed to plaintiffs, but did not offer evidence of the amount paid for the policy.

3. SAME—LOST BUSINESS.

Testimony by plaintiff that his 5 court appearances in action for specific performance of contract to convey land had caused a loss of business since he was forced to leave his business in the hands of an employee, and that he had no accurate account of his losses but that he would say that he had lost at least 5 or 6 hundred dollars, was inadequate to establish a correct measure of damages for lost profits.

4. SAME—ATTORNEY'S FEES.

Attorney's fees as a general rule cannot be charged as an item of damages in the absence of statutory authority or court rule and they will not be allowed where plaintiffs' proofs fail to bring their case within the narrow exception to that rule allowed where one party has been forced into expending money by unlawful acts of the other party.

REFERENCES FOR POINTS IN HEADNOTES

[1] 27 Am Jur 2d, Equity §§ 112–117.
[2] 22 Am Jur 2d, Damages § 296.
[3] 22 Am Jur 2d, Damages §§ 296, 329.
[4] 22 Am Jur 2d, Damages § 165.
[5] 22 Am Jur 2d, Damages §§ 245, 249, 250.
[6] 22 Am Jur 2d, Damages § 167.

5. SAME—EXEMPLARY DAMAGES.

Exemplary damages should not be awarded in action for specific performance of contract to convey land where both plaintiffs' complaint and the testimony failed to introduce facts which, if true, would establish the elements of fraud and malice or wanton and reckless disregard of plaintiffs' right by defendants.

6. SAME—EXEMPLARY ATTORNEY'S FEES—COURT RULE.

Court rule allowing special costs or damages for delay or otherwise on application of party entitled to such costs was not applicable to plaintiffs' claim for exemplary attorney's fees where the court did not cause facts entitling plaintiff to such costs to be entered into the minutes of the court as required by court rule (GCR 1963, 526.13[1]).

Appeal from Macomb, Spier (James E.), J. Submitted Division 2 June 4, 1968, at Lansing. (Docket No. 4,036.) Decided August 29, 1968.

Complaint by Carl E. Fleischer and Mary Ann Fleischer against Louis Buccilli and Frances Buccilli for specific performance of a land contract and damages. Summary judgment for plaintiff. Defendant Frances Buccilli appeals. Reversed.

*Ellis R. Van Hoesen,* for plaintiff.

*Potvin, Tunney & Lawrence,* for defendant Frances Buccilli.

BURNS, J. Plaintiffs brought an action against defendants for specific performance of a land contract and damages allegedly caused by the defendants' refusal to comply with the terms of the contract. Louis Buccilli filed his answer stating that he had been and was willing to carry out the terms of the contract and sign a deed but that Frances Buccilli, his wife, refused to abide by the terms of the contract. Frances Buccilli filed her answer and

denied that she had received any money on the contract and alleged a conspiracy between plaintiffs and Louis Buccilli to defraud her. She also filed a crossclaim against Louis Buccilli.

Plaintiffs filed a motion for summary judgment, the hearing of which was adjourned at the request of Frances Buccilli's attorney to enable him to secure a deed from her. She signed the deed which, was delivered to the plaintiffs and recorded. Subsequently plaintiffs were granted a summary judgment for specific performance and awarded $700 for damages and $100 for attorney fees. At the hearing on the motion for summary judgment plaintiff Carl E. Fleischer testified that he lost about $500 or $600 worth of business and that he paid for revenue stamps ($11), title insurance (no amount specified) and attorney fees ($600). A rehearing was granted as to damages and attorney fees because the original hearing was not properly noticed.

Following the rehearing the trial judge amended the judgment, assessed $400 damages against Frances Buccilli and ordered Louis Buccilli to pay plaintiffs' attorney fees in the amount of $200. The order further provided that plaintiffs pay the balance of $400 due on the contract to the clerk of the court who was required to remit $200 of that payment to Louis Buccilli and $200 to Frances Buccilli.

Defendant Frances Buccilli appeals the judgment of the trial court on several grounds, only one of which merits consideration in this opinion. Did the plaintiffs prove legally recoverable damages?

Although a suit for specific performance is historically an equitable action, the court, once having taken jurisdiction, can grant complete relief, including the awarding of damages. *Frank* v. *Coyle* (1944), 310 Mich 14; *Reinink* v. *Van Loozenoord* (1963), 370 Mich 121. The testimony of the plain-

tiffs, however, does not substantiate the judgment of the trial court.

The plaintiffs testified that they purchased title insurance because defendants failed to deliver a policy of title insurance or an abstract of title to the property as required by the contract. However, the plaintiffs did not offer any evidence of the amount paid for the title insurance and therefore did not prove their damages.

Plaintiff Carl Fleischer testified as follows:

"*The Court:* What are the hours again?

"*A.* Five thirty in the morning until one at night. I have a woman that comes in at eleven but I work a long day. * * *

"*Q.* Now, can you tell me, Mr. Fleischer, how many times you have been in the court room on these pending motions?

"*A.* Well, with this one it will be five times. * * *

"*Q.* Who has been in charge of your business while you've been here in court?

"*A.* I have a morning girl that takes care of the business for me. Of course, she isn't capable of doing as well as I do but at least the business will go on. It's not going to be as good as it would be if I was there.

"*Q.* Now, Mr. Fleischer, do you keep any accurate account of losses that you could disclose to this court—precise dollar and cents amount of losses you have sustained as a result of your required appearance in court on these matters of specific performance?

"*A.* Right now I don't, no.

"*Q.* All right. This matter started on December 12th of 1967, is that correct?

"*A.* I believe—

"*Q.* '66, I'm sorry. Now, can you tell me, Mr. Fleischer, if you are able to calculate in any reason-

able manner the amount of damages you have sustained as a result of this lawsuit?

"*A.* Well, not really a total amount that I could put my finger on right now. I know my time is very valuable. There's the matter of my being in court. I have to be there. I wouldn't know how to answer that question. I'd say I've lost at least five or six hundred dollars."

Even if we were to assume that loss of business meant lost profits, Carl Fleischer's testimony as to loss of business falls short of establishing a correct measure of damages.

Next plaintiff stated that he paid his attorney $600. Generally, attorney fees cannot be charged as a measure of damages in the absence of statutory authority or court rule. *Curtis* v. *Mueller* (1915), 184 Mich 148. Exceptions to this rule have been sparingly allowed when the parties seeking to recover attorney fees as damages have been forced to expend money by the unlawful acts of the other party. *Cagney* v. *Wattles* (1899), 121 Mich 469; *Bates* v. *Kitchel* (1911), 166 Mich 695. The proof submitted in the trial court did not substantiate an award of attorney fees on this basis.

Michigan cases hold that examplary damages may be allowed where the elements of fraud and malice or wanton and reckless disregard of a party's rights are involved. *Livingston* v. *Burroughs* (1876), 33 Mich 511; *Oppenhuizen* v. *Wennersten* (1966), 2 Mich App 288. Although plaintiffs' complaint prays for exemplary damages, it does not allege facts which, if true, would establish such elements, nor does the testimony introduce anything which would cause the judge to make a determination regarding exemplary damages.

Plaintiffs also asked for exemplary attorney fees under GCR 1963, 526.13(1), which provides:

"In any action where the plaintiff's claim is reduced by counterclaim, or any other fact appears which shall entitle either party to costs, or to double costs, or to special damages, for delay or otherwise, the judge shall, on the application of either party, cause such fact to be entered in the minutes of the court."

The court did not cause such fact to be recorded in the minutes, and the plaintiffs were only entitled to ordinary tax costs.

Cause is reversed and remanded to the trial court for entry of judgment consistent with this opinion.

LESINSKI, C. J., and FENLON, J., concurred.