STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v
ALLEN

1. COSTS—DAMAGES—ATTORNEYS' FEES.

Courts have refused as a general rule to allow recovery of
attorneys' fees, either as an element of the costs of the suit or
as an item of damages, unless allowance of a fee is expressly
authorized by statute or court rules.

2. COSTS—ATTORNEYS' FEES—DECLARATION OF RIGHTS.

An allowance of attorneys' fees in a declaration of rights proceed-
ing, is not provided for by any Michigan statute or court rule.

3. COSTS—ATTORNEYS' FEES—PRIOR LITIGATION.

Reasonable attorneys' fees incurred in prior litigation with a
third party may be recoverable in a subsequent proceeding
where a present defendant by his wrongful conduct caused
another party in the subsequent proceeding to defend or prose-
cute the previous legal proceedings.

4. INSURANCE—CANCELLATION—STATUTES—FRAUD—FORGERY.

A statute restricting an insurer's power to cancel a policy of
insurance does not limit a court's power to declare a policy
inoperative because of fraud or forgery (MCLA 500.3220).

Appeal from Washtenaw, Ross W. Campbell, J.
Submitted Division 2 November 16, 1972, at De-
troit. (Docket Nos. 12457, 12458.) Decided Septem-
ber 27, 1973.

Complaint by State Farm Mutual Automobile
Insurance Company against Carl L. Allen, Bobby
E. Ross, Richard S. Cygan, Rose M. Cygan, Wayne
Hall Dodds Company, and Bruce G. Kendall, Inc.,
for a declaration of rights regarding a policy of

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 20 Am Jur 2d, Costs §§ 72–86.
[4] 43 Am Jur 2d, Insurance §§ 443–459.

insurance. The judgment awarded State Farm, Ross, and Allen the cost of litigation, including attorney fees, against Dodds and Kendall, and required Dodds and Kendall to pay a consent judgment and attorney fees to the Cygans. Dodds and Kendall appeal. Affirmed in part, reversed in part, and remanded.

*DeVine & DeVine,* for plaintiff.

*Douvan, Harrington & Carpenter,* for defendants Carl L. Allen and Bobby E. Ross.

*Thompson, Bishop, Tryand & Thompson* (by *L. Ray Bishop),* for defendants Richard S. Cygan and Rose M. Cygan.

*Ralph H. Adams,* for defendant Bruce G. Kendall, Inc.

*Leroy M. Ogle,* for defendant Wayne Hall Dodds Company.

Before: LEVIN, P. J., and V. J. BRENNAN and O'HARA,* JJ.

PER CURIAM. After an automobile collision, Richard Cygan and his wife commenced an action against the driver of the other automobile, Bobby Ross, and the owner, Ross's brother-in-law Carl Allen. State Farm, which had been assigned Allen's policy under the assigned risk plan, was called upon to defend Ross and Allen.

State Farm commenced this action against the Cygans, Ross, and Allen seeking a declaration of rights. Count 1 sought rescission of the insurance contract for Allen's alleged failure to provide accu-

_____

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

rate information in the insurance application. Count 2 alleged that State Farm was exculpated from liability because Ross intentionally injured Cygan.

In their answers, Ross and Allen asserted that if State Farm was not liable then the dealership which sold Allen the automobile, Wayne Hall Dodds Company, or the insurance agency through whom the insurance was obtained, Bruce G. Kendall, Inc., was responsible for the cost of defense. State Farm, after extensive discovery, was granted leave to file an amended complaint adding a third count stating a cause of action against Dodds and Kendall for fraud and forgery.

A consent judgment for $3,000 was entered in favor of the Cygans in their action against Ross and Allen. All the parties to this action subsequently stipulated that this amount was reasonable.

At the trial, State Farm withdrew counts 1 and 2 of its complaint. Motions by Dodds and Kendall for dismissal of equitable jurisdiction of the third count for fraud and forgery on the ground that the action had become one of law for damages, and subsequent motions for a directed verdict on the same basis, were denied.

Testimony at trial established that, although the automobile had been purchased for Ross's use, the insurance application did not name Ross as the principal driver; Allen was the only operator listed. The question whether the operator's license of any "usual" driver of the automobile had been suspended was checked "no" although Ross's license was then under suspension. Handwriting experts testified that Allen's signature on the application was forged. Three experts attributed the forgery to the president of the Dodds dealership.

Another testified that it was in the handwriting of an agent for Kendall.

A jury, by special verdict, found that Dodds and Kendall, acting in concert, committed the "fraud alleged" (as it was termed in the jury verdict), on State Farm, Ross, and Allen. A judgment was entered cancelling the insurance policy, awarding State Farm $12,258.53, and Ross and Allen $5,690 against Dodds and Kendall for the cost of litigation, including attorneys' fees, and requiring Dodds and Kendall to pay the Cygans $4,450 for attorney fees and $3,000 for the consent judgment.

The judge had previously ruled that although "attorney fees cannot be taxed as costs in the absence of statute or court rule", they "can be charged as an element of damages where the party claiming them can show that he has been forced to expend money as a direct result of the unlawful acts of the other party".

In England, attorneys' fees are taxable as "costs" of litigation in all civil suits. But American courts have stepped to the beat of a different drummer. As a general rule, our courts have refused to allow recovery of attorneys' fees, either as an element of the costs of the suit or as an item of damages, unless allowance of a fee is expressly authorized by statute or court rule. See 20 Am Jur 2d, Costs, § 72, pp 58–59, and 22 Am Jur 2d, Damages, § 165, pp 234–235. The rule has persisted despite the vigorous attack of commentators advocating adoption of the English rule.[1]

---

[1] *See* McCormick, *Counsel Fees and Other Expenses of Litigation as an Element of Damages,* 15 Minn L Rev 619 (1931); McCormick, Damages, § 71, p 255; Ehrenzweig, *Reimbursement of Counsel Fees and the Great Society,* 54 Cal L Rev 792 (1966); Stoebuck, *Counsel Fees Included in Costs: A Logical Development,* 38 Colo L Rev 202 (1966); Greenberger, *The Cost of Justice: An American Problem; An English Solution,* 9 Vill L Rev 400 (1964); Kuenzel, *The Attorney's Fee: Why Not a Cost of Litigation?,* 49 Iowa L Rev 75 (1963); Cosway,

By statute or court rule, Michigan has provided for the recovery of attorneys' fees in special classes of litigation *e.g.,* GCR 1963, 726 (divorce or separate maintenance); GCR 1963, 749.4, 750.4 (partition); MCLA 451.810(a)(2); MSA 19.776(410)(a)(2) (Blue Sky Law suits for rescission); MCLA 570.12; MSA 26.292 (mechanic's liens); MCLA 600.2431(2); MSA 27A.2431(2) (foreclosure by advertisement); MCLA 600.2435; MSA 27A.2435 (judgment creditor proceedings); MCLA 600.2425(1); MSA 27A.2425(1) (action to abate a nuisance commenced without reasonable ground or cause; "attorneys' fees are proper costs"); GCR 1963, 526.7, 116.5, 117.3 (filing an affidavit opposing a motion for summary or accelerated judgment without good faith and for purposes of delay); GCR 1963, 306.7 (failure of moving party to subpoena witness to be deposed or to attend and proceed with deposition); and GCR 1963, 313.1(3) (refusal to admit facts and genuineness of documents); GCR 1963, 111.6 (unwarranted allegations and denials);[2] GCR 1963, 816.5 (vexatious appeals).

No Michigan statute or court rule provides for an allowance of attorneys' fees in a declaration of rights proceeding. On this basis, the plaintiffs in a Connecticut case, *Peterson v City of Norwalk,* 152

---

*Attorneys Fees as an Element of Damages,* 15 Cinn L Rev 313 (1941); Lyman, *Our Obsolete System of Taxable Costs,* 25 Conn B J 148 (1951); Goodhart, *Costs,* 38 Yale L J 849 (1929).

[2] It appears that State Farm, et al, might have sought on the basis of this rule an allowance of reasonable expenses, including reasonable attorneys' fees, incurred in proving or preparing to prove or disprove facts in this case. However, they did not seek relief on this ground, and there is no finding by the judge that allegations or denials of Dodds and Kendall "ought not to have been so alleged or denied" and were "unreasonable". In the only cases where such allowances have been sustained, there were appropriate findings of the judge in accordance with the criteria spelled out in the court rule. *See Fredal v Forster,* 9 Mich App 215, 238; 156 NW2d 606, 617 (1967); *Harvey v Lewis (In re Disqualification of Judge),* 10 Mich App 23, 30–33; 158 NW2d 809, 813–814 (1968).

Conn 77, 80–81; 203 A2d, 294, 296 (1964), were denied attorney fees.

State Farm, et al, contend that the chancellor in equity proceedings has broad discretionary powers regarding remedies and, therefore, may grant relief which includes an award of attorney fees as damages. Michigan case law does not support this contention. In *Kittermaster v Brossard,* 105 Mich 219, 221; 63 NW 75, 76 (1895), the Supreme Court rejected the argument that "a court of equity may impose a reasonable solicitor's fee". In *Nordberg v Todd,* 254 Mich 440, 446; 236 NW 826, 828 (1931), an action for construction of a deed, the Court found that the trial judge had exceeded his authority in awarding plaintiffs an attorney fee in excess of the amount fixed by the court rule. In *Roberts v Michigan Trust Co,* 273 Mich 91, 122, 123; 262 NW 744, 755 (1935), a suit against trustees for unlawful diversion of funds, the Court reversed an award of "reasonable counsel fees and costs of the suit": "In taxing costs in the lower court, plaintiffs will not be allowed attorney fees in excess of the amount fixed by Court Rule No 5, § 6 (1933)". In *Peisner v Lowman,* 363 Mich 320, 323; 109 NW2d 923, 925 (1961), a guardian's action to set aside a deed, the trial judge's order granting the prevailing party a $500 legal fee was modified to $30, the amount authorized by court rule.

There is dicta in one case, *Merkel v Long (On Rehearing),* 375 Mich 214, 218; 134 NW2d 179, 183 (1965), that "to avoid 'an inequitable result', equity would have inherent power to require payment of such fees *out of the funds of these trusts".* (Emphasis supplied.) This case is referred to in *Gundersen v Village of Bingham Farms,* 1 Mich App 647; 137 NW2d 763 (1965). However, in both cases an award of attorneys' fees was denied; similarly

*Fleischer v Buccilli,* 13 Mich App 135, 139; 163 NW2d 637, 639 (1968) (see fn 4), also relied on by State Farm et al, set aside an award of attorneys' fees. In *Merkel* the Court expressly went on to state that the cases do not stand "for the proposition that a chancellor may award such attorney fees whenever failure to do so might 'produce an inequitable result.' "

There are, indeed, recognized exceptions. Where the prevailing party has created, or protected a common fund for the benefit of others as well as himself, a court of equity may allow that party reasonable attorneys' fees to be paid from the fund. See McCormick, Damages, § 62, p 237; 20 Am Jur 2d, Costs, §§ 83, 84, pp 68–69; *Sant v Perronville Shingle Co,* 179 Mich 42, 57–59; 146 NW 212, 217–218 (1914); *McLaughlin v McLaughlin, Ward & Co,* 277 Mich 419, 428; 269 NW 218, 222 (1936) (stockholders' actions); *Mann v Day,* 199 Mich 88, 97; 165 NW 643, 646–647 (1917) (trust estate).

Some jurisdictions allow attorneys' fees to be taken into consideration in determining the amount of exemplary damages. See 22 Am Jur 2d, Damages, § 167, p 168; Anno: *Attorneys Fees or Other Expenses of Litigation as Element in Measuring Exemplary or Punitive Damages,* 30 ALR3d 1443.[3] One Michigan case affirmed an award of exemplary damages in apparent recognition of this

---

[3] *Schlein v Smith,* 82 US App DC 42; 160 F2d 22 (1947), cited by State Farm, appears to rest on this principle. To the extent the language of *Schlein* goes further, it is not part of our jurisprudence or, it would appear, that of any other jurisdiction.

The statement in *Schlein* urged upon us is a quotation from *Ballard v Spruill,* 64 US App DC 60, 62; 74 F2d 464, 466 (1934). The Court there, in setting aside the trial court's allowance of an attorney's fee, stated that the "allowance of counsel fees in this case, therefore, can be sustained, if at all, only upon the ground that it is *part* of an award of punitive damages granted to the plaintiff in the case". (Emphasis supplied.) While *Schlein* has been referred to in subsequent cases, in none was a counsel fee awarded.

principle, *Oppenhuizen v Wennersten,* 2 Mich App 288, 299; 139 NW2d 765, 771 (1966). However, exemplary damages were neither sought nor awarded in the case now before us.

Michigan cases recognize another exception and allow, despite the absence of statutory authority, the award of attorneys' fees in actions for false imprisonment or malicious prosecution. See *Bates v Kitchel,* 166 Mich 695, 701; 132 NW 459, 462 (1911); *Tutton v Olsen & Ebann,* 251 Mich 642, 650; 232 NW 399, 402 (1930); Anno: *Attorneys Fees as Element of Damages in Action for False Imprisonment or Arrest, or for Malicious Prosecution,* 21 ALR3d 1068.

Finally, reasonable attorneys' fees incurred in prior litigation with "a third party—not with the defendant" may be recoverable. See 22 Am Jur 2d, Damages, § 166, pp 235–236. Reference was made to this exception in *Brillhart v Danneffel,* 36 Mich App 359, 366; 194 NW2d 63, 66–67 (1971). *Cagney v Wattles,* 121 Mich 469; 80 NW 245 (1899), cited in *Fleischer v Buccilli, supra,* appears to rest on this principle.[4] As explained by McCormick, Damages, § 66, p 246:

"For the expense incurred in the *present* litigation, we have found that our law generally gives the successful party no recompense beyond the taxable costs which ordinarily include only a portion of his expense. This is the case, however wrongful the suit or groundless the defense. On the other hand, where the present defendant has by his wrongful conduct, be it tort or breach of contract, caused the present plaintiff to defend or prosecute *previous* legal proceedings, the law reverses its restrictive attitude and allows the plaintiff to recover

---

[4] *Bates v Kitchel,* 166 Mich 695; 132 NW 459 (1911), also cited in *Fleischer,* although involving expenses incurred in prior litigation, is based on the exception permitting allowances of attorney fees in actions for false imprisonment.

all the expense, including counsel fees, reasonably incurred by him in the prior litigation." (Emphasis by author.)

See, also, Anno: *Right to Recover as Damages Attorneys' Fees Incurred in Earlier Litigation with a Third Person Because of Involvement Therein Through a Tortious Act of Present Adversary,* 45 ALR2d 1183, 1184–1185. Similarly, see Restatement, Torts, § 914, referred to as supporting authority in *Oppenhuizen v Wennersten, supra.*

The action commenced by the Cygans was prior litigation within the meaning of this exception. Accordingly, any costs of litigation, including attorneys' fees, incurred by Ross and Allen in defending against the claim of the Cygans, or incurred by State Farm in defending Ross and Allen in that lawsuit, are recoverable as an element of damage in this proceeding. But for the wrongful conduct of Dodds and Kendall, neither Ross and Allen nor State Farm would have been put to any expense in defending against the Cygans' claims—the former because their legitimate expectation of insurance coverage would have been realized, the latter because the falsely-induced policy would not have issued. However, the costs incurred by the Cygans in commencing, prosecuting and ultimately settling their action against Ross and Allen were not attributable to wrongful conduct of Dodds and Kendall. The Cygans, therefore, may not recover the expense of their prior action in this proceeding.

The expenses, including attorneys' fees, incurred by State Farm in protecting itself from the "fraud alleged" were incurred in the prosecution of the *present,* not a *prior,* action and are not recoverable.

Accordingly, the provisions of the judgment

awarding attorneys' fees and other litigation expense are set aside. We remand for a determination of the fees and expense incurred by Ross, Allen, and State Farm in defending the action commenced by the Cygans.

As set forth in footnote 2, State Farm, et al, might have sought under GCR 1963, 111.6 recovery of expenses, including attorneys' fees, but they have not invoked that rule and there are no trial judge findings in accordance with the criteria of the rule.

On consideration of the other issues, we find no reversible error. Dodds and Kendall had the benefit of trial by jury. *Cf. Kahoun v Metropolitan Life Insurance Co,* 12 Mich App 441, 445; 162 NW2d 922, 924–925 (1968). The attorney of record for Kendall, because of a last-minute adjournment of his conflicting trial, was available on the date of trial, May 10, 1971. The granting of continuances is a matter that rests largely in the trial judge's discretion; we find no abuse of that discretion here.

Nor do we find reversible error in the trial judge's ruling that Dodds' attorney could not impeach Allen on the basis of alleged inconsistent statements made in an answer filed in the Cygan case. Dodds does not raise this issue on appeal; it is raised only in Kendall's brief.

Dodds and Kendall contend that the trial judge erred in denying their motions asserting that under MCLA 500.3220; MSA 24.13220 State Farm could not cancel its insurance policy with Allen. This statute, restricting an insurer's power to cancel a policy of insurance, does not limit the court's power to declare a policy inoperative because of fraud or forgery.

Finally, error is assigned as to the portion of the judgment requiring Dodds and Kendall to pay the

$3,000 judgment obtained by the Cygans against Ross and Allen. The courts should not be burdened with a retrial of facts already established, the amount of the Cygans' damages (stipulated to by all parties) and the fraud of Dodds and Kendall (determined in this action).

Affirmed in part and reversed in part. Remanded for the entry of a judgment consistent with this opinion. No costs on this appeal, no party having fully prevailed.