PTASZNIK v JOHNSTON

1. Pleading—Cross-Complaint—Torts—Assault and Battery—
   Failure to State Claim.

   A cross-complaint by a defendant hockey player against his co-
   defendants, a hockey club and a stadium corporation, for
   reimbursement of any damages awarded to the plaintiff, a
   spectator at a hockey game, in an action for assault and
   battery arising out of an altercation between the plaintiff and
   the defendant player, fails to state a cause of action upon
   which relief may be granted because if defendant sustains his
   theory of self-defense, plaintiff will recover no damages, and if
   plaintiff recovers, defendant is guilty of an intentional tort and
   is not entitled to indemnification.

2. Torts—Employers—Employees—Scope of Employment.

   An intentional tort committed by an employee is not within the
   scope of his employment, and the employer is not responsible
   for any damages the employee may have to pay to the victim of
   his tortious act.

3. Pleading—Cross-Complaint—Attorney Fees—Costs—Court
   Rules.

   A cross-complaint by a defendant against a co-defendant for
   damages for attorney fees and costs in defending the plaintiff's
   action is authorized by court rule (GCR 1963, 203.3).

Appeal from Wayne, Neal Fitzgerald, J. Submit-
ted June 19, 1975, at Detroit. (Docket No. 21925.)
Decided August 14, 1975.

Complaint by Edward Ptasznik against Larry
Johnston, Detroit Hockey Club, Inc., and Olympia
Stadium Corporation for assault and battery.
Cross-complaint by defendant Johnston against the

References for Points in Headnotes
[1, 3] 61 Am Jur 2d, Pleading §§ 182–186.
[2] 53 Am Jur 2d, Master and Servant § 77.

other defendants for reimbursement of any damages found owing to plaintiff and for attorney fees and costs. Summary judgment for Detroit Hockey Club, Inc., and Olympia Stadium Corporation on the cross-complaint. Defendant Johnston appeals. Affirmed in part, reversed in part.

*Munger & Crum, P. C.* (by *Thomas G. Werner*), for defendant Larry Johnston.

*Coticchio, Zotter & Sullivan, P. C.*, for defendants Detroit Hockey Club, Inc., and Olympia Stadium Corporation.

Before: T. M. BURNS, P. J., and QUINN and M. J. KELLY, JJ.

QUINN, J. Defendant Johnston was a hockey player employed by Detroit Hockey Club, Inc. His altercation with plaintiff, a paying customer at a hockey game, resulted in plaintiff filing suit against Johnston, Detroit Hockey Club, Inc. and Olympia Stadium Corporation. Defendant Johnston filed a cross-complaint against Detroit Hockey Club and Olympia Stadium both of whom moved for summary judgment on Johnston's cross-complaint. This motion was granted and Johnston appeals from that summary judgment.

Did Johnston's cross-complaint state a claim on which relief could be granted?

The cross-complaint contained three counts:

1. Defendant Olympia Stadium was negligent in not providing safe facilities for the enjoyment of a hockey game. As a result, Johnston was assaulted by plaintiff, and in defending himself, Johnston raised his stick which struck plaintiff. Johnston will incur attorney fees and costs in defense of plaintiff's assault and battery action against John-

ston for which Olympia Stadium should be liable as well as for any damages awarded to plaintiff and against Johnston.

2. Defendant Johnston was at all times acting within the scope of his employment. Therefore, Detroit Hockey Club has a duty to compensate him for any damages assessed against him in plaintiff's action if it is proven that Johnston was acting within the scope of his employment and did not commit an intentional tort.

3. Detroit Hockey Club knew, or should have known, that personal contact between hockey players and spectators in Olympia Stadium presented a hazard to players in the form of attacks by spectators, from which the players might have to defend themselves. Thus Detroit Hockey Club was negligent in playing in an unsafe stadium, and Detroit Hockey Club is liable to Johnston for his costs and attorney fees and any damages awarded to plaintiff against Johnston.

In issue 3, Johnston asks: "Is it possible in Michigan that an assault and battery could be committed in the scope of employment?" We do not reach this issue. It was not presented to the trial court and Johnston's pleadings deny any assault and battery by him but rely on self-defense.

Plaintiff's only claim against Johnston was for assault and battery. Johnston denied the assault and battery and pleaded self-defense. In count 1 of his cross-complaint, Johnston alleges that the negligence of Detroit Hockey Club and Olympia Stadium created the situation that made possible the altercation between plaintiff and Johnston. Thus Detroit Hockey Club and Olympia Stadium should reimburse Johnston for any damages awarded to plaintiff on his assault and battery claim. The trial

court was correct in finding that this does not state a claim on which relief could be granted. If Johnston sustains his theory of self-defense, plaintiff will recover no damages. If plaintiff recovers, Johnston is guilty of an intentional tort and is not entitled to indemnification, *Husted v Consumers Power Company,* 376 Mich 41; 135 NW2d 370 (1965).

Johnston's theory in count 2 of his cross-complaint is that he was at all times acting within the scope of his employment and that his employer, Detroit Hockey Club, is responsible for any damages Johnston may have to pay plaintiff. The trial court correctly found that this failed to state a claim on which relief could be granted. If Johnston sustains his theory of self-defense as to plaintiff's claim, Johnston will pay no damages. If plaintiff sustains his claim against Johnston, it will be on the basis of Johnston's intentional tort, which is not within the scope of Johnston's employment.

As to Johnston's cross-claim for damages by way of attorney fees and costs in defending against plaintiff's action of assault and battery, we find that the trial court erred in holding that Johnston had failed to state a claim on which relief could be granted, *State Farm Mutual Automobile Insurance Co v Allen,* 50 Mich App 71; 212 NW2d 821 (1973). GCR 1963, 203.3 authorizes such a cross-claim.

Affirmed, except as to Johnston's cross-complaint for damages arising from attorney fees and costs in defending against plaintiff's action. The latter is reversed. Neither party having fully prevailed, we award no costs.