## G & D COMPANY v DURAND MILLING COMPANY, INC.

### Opinion of the Court

1. Costs—Damages—Attorneys' Fees.

    Attorneys' fees are generally not recoverable as an element of costs or damages.

2. Costs—Damages—Attorneys' Fees—Divorce—Partition—Securities Act—Mechanic's Lien—Foreclosure—Judgment Creditors—Nuisance—Pleading—Witnesses—Vexatious Appeals.

    Michigan has provided, by statute or court rule, for the recovery of attorneys' fees in certain cases and instances, *e.g.* divorce or separate maintenance, partition, blue sky law suits for rescission, mechanic's liens, foreclosure by advertisement, judgment creditor proceedings, action to abate a nuisance commenced without reasonable ground or cause, opposing a summary or accelerated judgment without good faith and for delay, failure to subpoena witnesses, failure to attend deposition, refusal to admit facts and genuineness of documents, unwarranted allegations and denials, and vexatious appeals.

3. Damages—Costs—Attorneys' Fees—Prior Litigation—Torts—Contracts.

    A plaintiff may recover attorneys' fees reasonably incurred in prior litigation where the present defendant has by his wrongful conduct, be it tort or breach of contract, caused the plaintiff to defend or prosecute previous legal proceedings.

4. Damages—Costs—Attorneys' Fees—Rule of Construction—Exception to Doctrine.

    A rule which permits recovery of attorneys' fees must be construed narrowly because the rule is an exception to the prevailing doctrine.

---

### References for Points in Headnotes

[1-9] 22 Am Jur 2d, Damages §§ 165–168.

Right to recover as damages attorneys' fees incurred in earlier litigation with a third person because of involvement therein through a tortious act of present adversary. 45 ALR2d 1183.

5. DAMAGES—COSTS—ATTORNEYS' FEES—PRIOR LITIGATION—MALICIOUS CONDUCT—BREACH OF WARRANTY—NEGLIGENCE.

A defendant in a suit for breach of warranties and negligence arising out of the manufacture of defective chicken feed may not recover its attorneys' fees from a codefendant who was found liable for all of the plaintiff's damages; the rule allowing recovery of attorneys' fees requires that the attorneys' fees be incurred in a prior action in which the person at fault was not a party, and, the rule is intended to be applied only where the person at fault is guilty of malicious, fraudulent, or similar wrongful conduct.

DISSENT BY M. J. KELLY, J.

6. DAMAGES—COSTS—ATTORNEYS' FEES—PRIOR LITIGATION—THIRD PARTY.

*A plaintiff may recover attorneys' fees incurred in prior litigation with a third party where the prior litigation was a result of defendant's wrongful act; the plaintiff must show (1) that he had become involved in a legal dispute either because of a breach of contract by the defendant or because of defendant's tortious conduct, (2) that the dispute was with a third party not with the defendant, and (3) the plaintiff incurred attorneys' fees connected with that dispute.*

7. DAMAGES—COSTS—ATTORNEYS' FEES—NATURAL CONSEQUENCES—REASONABLE AMOUNT—BREACH OF CONTRACT.

*In an action to recovery attorneys' fees incurred in a prior litigation with a third party, the attorneys' fees must be the natural and necessary consequences of defendant's act and the recovery is limited to a reasonable amount; if the attorneys' fees were incurred as a result of a breach of contract, the defendant will be deemed to have contemplated that his breach might cause plaintiff to seek legal services in his dispute with a third party.*

8. INDEMNITY—DAMAGES—ATTORNEYS' FEES.

*A plaintiff, in an action of indemnity, may recover reasonable expenses incurred in resisting the claim indemnified against where the duty to indemnify is either implied by law or arises under a contract.*

9. DAMAGES—DEFECTIVE CHICKEN FEED—COSTS—ATTORNEYS' FEES—PREVIOUS LITIGATION—INDEMNIFICATION.

*A defendant in a suit for damages arising out of the sale of defective chicken feed may recover the attorneys' fees from a*

*codefendant who was responsible for the defective feed, however, the defendant may recover only the attorneys' fees expended in defending the action and he may not recover the attorneys' fees incurred in seeking indemnity from the codefendant; the action against the defendant is "previous litigation" for purposes of the rule permitting recovery of attorneys' fees incurred in previous litigation with a third party.*

Appeal from Huron, Arthur M. Bach, J. Submitted November 5, 1975, at Detroit. (Docket No. 22307.) Decided February 10, 1976. Leave to appeal applied for.

Complaint by G & D Company against Durand Milling Co., Inc., and Caro Farmers Co-op Elevator Co., for damages sustained when plaintiff used defective chicken feed manufactured and sold by the defendants. Third party complaint by Durand against Farm Bureau Services, Inc. Plaintiff amended its complaint to add Farm Bureau as a defendant. Judgment for plaintiff against Farm Bureau. Judgment for Farm Bureau on the third party complaint. Durand appeals from the judgment for Farm Bureau on third party complaint. Affirmed.

*Shanahan & Scheid,* for Durand Milling Co., Inc.

*Martin, Bohall, Joselyn, Halsey, Rowe & Jamieson, P. C.,* for Farm Bureau Services, Inc.

Before: N. J. Kaufman, P. J., and J. H. Gillis and M. J. Kelly, JJ.

N. J. Kaufman, P. J. On December 4, 1972, plaintiff G & D Company (hereinafter referred to as G & D) filed suit against defendants, Durand Milling Co., Inc. (hereinafter referred to as Durand) and Caro Farmers Co-op Elevator Co. On December 22, 1972, pursuant to a motion filed by Durand, the court entered an order which added

Farm Bureau Services, Inc. (hereinafter referred to as Farm Bureau) as a third party defendant. G & D then filed an amended complaint which made Durand and Farm Bureau joint and several defendants. The complaint alleged breach of warranties and negligence on the part of each of the defendants in that they manufactured chicken feed, added defective ingredients to said chicken feed or sold defective feed to G & D, resulting in abnormally low egg output by the G & D chickens. Defendants denied liability.

After much discovery, a bench trial began in October, 1973. Between December 5 and December 13, 1973, while Farm Bureau's expert witness, Dr. Scott, was testifying, the attorneys for Farm Bureau admitted that Farm Bureau was responsible for the defective feed. The trial judge entered a verdict of no cause of action in favor of Durand and Caro and granted judgment in favor of plaintiff G & D against Farm Bureau. The judge also ordered Farm Bureau to pay Durand $10,000 in order to reimburse Durand for attorney fees expended in defending the suit. On motion for judgment notwithstanding the verdict, the court set aside the awarding of attorneys' fees only because, upon reflection, it felt that Michigan law did not support such an award. Durand appeals that holding to this Court.

It is important to note the limited scope of this appeal. The only issue before us deals with the propriety of awarding attorneys' fees to defendant Durand. The parties agree that $10,000 represents a reasonable sum, if the fees are awardable.

It is clear that the general rule in Michigan prohibits the awarding of attorneys' fees as an element of costs or damages. *State Farm Mutual Automobile Insurance Co v Allen,* 50 Mich App 71; 212 NW2d 821 (1973). However, as *Allen, supra,*

indicates, there are some statutory[1] and judicially created exceptions to this rule. Durand relies on one such exception which, in specific cases, allows recovery of reasonable attorney fees incurred in prior litigation with a third party—not with the defendant. Briefly stated, the rule provides that:

"where the present defendant has by his wrongful conduct, be it tort or breach of contract, caused the present plaintiff to defend or prosecute *previous legal proceedings,* the law * * * allows the plaintiff to recover all the expense, including counsel fees, reasonably incurred by him in the *prior litigation.*" McCormick, Damages, § 66, p 246. (Emphasis supplied.)[2]

We find this rule inapplicable to the instant case and affirm the trial court's decision. The rule Durand asks us to apply is an exception to the prevailing doctrine that attorneys' fees are not recoverable. As such, the rule must be construed

[1] "By statute or court rule, Michigan has provided for the recovery of attorneys' fees in special classes of litigation *e.g.,* GCR 1963, 726 (divorce or separate maintenance); GCR 1963, 749.4, 750.4 (partition); MCLA 451.810(a)(2); MSA 19.776(410)(a)(2) (Blue Sky Law suits for rescission); MCLA 570.12; MSA 26.292 (mechanic's liens); MCLA 600.2431(2); MSA 27A.2431(2) (foreclosure by advertisement); MCLA 600.2435; MSA 27A.2435 (judgment creditor proceedings); MCLA 600.2425(1); MSA 27A.2425(1) (action to abate a nuisance commenced without reasonable ground or cause; 'attorneys' fees are proper costs'); GCR 1963, 526.7, 116.5, 117.3 (filing an affidavit opposing a motion for summary or accelerated judgment without good faith and for purposes of delay); GCR 1963, 306.7 (failure of moving party to subpoena witness to be deposed or to attend and proceed with deposition); and GCR 1963, 313.1(3) (refusal to admit facts and genuineness of documents); GCR 1963, 111.6 (unwarranted allegations and denials); GCR 1963, 816.5 (vexatious appeals)." *State Farm Mutual Automobile Insurance Co v Allen,* 50 Mich App 71, 75; 212 NW2d 821, 824 (1973). (Footnote omitted.)

[2] *See also* Anno: *Right to Recover as Damages Attorneys' Fees Incurred in Earlier Litigation with a Third Person Because of Involvement Therein Through a Tortious Act of Present Adversary,* 45 ALR2d 1183, Anno: *Attorneys' Fees Incurred in Litigation with Third Person as Damages in Action for Breach of Contract,* 4 ALR3d 270, Restatement of the Law, Contracts, § 334, Restatement of the Law, Torts, § 914.

narrowly. This narrow construction is especially important here where the Legislature and Supreme Court have seen fit to specifically prescribe, in statute and court rule, those instances where attorneys' fees may be recovered as part of damages or expenses.

The rule expressly requires that the attorneys' fees have been incurred in a *prior* action in which the present defendant was not a party. In the instant case, there is only one action. The requirement of a distinct, prior action is stressed in *State Farm Mutual Automobile Insurance Co v Allen, supra,* the case on which Durand places principal reliance.

We do not agree with Durand's contention that the distinction between "prior" and "present" litigation is without merit and, in any event, is not meant to be applied in the instant case. The rule enabling recovery of attorneys' fees is designed to prevent the injustice of a situation where a blameless party must prosecute or defend an action in which the true party at fault cannot be brought into the litigation and made to indemnify the blameless party. The rule was created to aid the party who must litigate two actions to vindicate his rights: the first because of the wrongful conduct of a third party and the second for indemnity from the wrongdoer. By allowing attorneys' fees from the first action to be recovered in the second, the blameless party is made whole, put where he would have been but for the wrongful acts.

Where, as here, the party at fault could be joined in the first action, the inequitable situation does not exist. The blameless party has immediate recourse, and application of the rule is unnecessary. In such cases, other jurisdictions have refused to invoke the rule. *Armstrong Construction*

*Co v Thompson,* 64 Wash 2d 191; 390 P2d 976 (1964), *Bonwit Teller & Co of Philadelphia v Frank Staub Furs,* 208 Misc 589; 143 NYS2d 801 (Sup Ct, 1955).

We should not blindly apply a rule designed to be construed narrowly. Carried to its logical extreme, the attorney's fee rule will cause the results propounded by our Brother KELLY's dissent and by the panel in *Dassance v Nienhuis,* 57 Mich App 422; 225 NW2d 789 (1975). Both cases artificially divide a single action into separate actions to fit within the rule. In *Dassance,* an alleged tortious interference with contract caused an action for specific performance of a contract to purchase realty. Plaintiffs amended their complaint to add the alleged wrongdoer with a claim in tort. The cases were consolidated and tried together. This Court allowed attorneys' fees for the specific performance action because it deemed it a "prior action". What if the interference with contract suit had been instituted first? Although the posture of the litigation would be the same, according to the panel's reasoning, attorneys' fees could then not be recovered.

In the instant case, Judge KELLY would hold that Durand may collect for fees incurred before Durand impleaded Farm Bureau. With such precedent, a future party in Durand's position would be foolish to implead an indemnitor. The longer the alleged wrongdoer remains out of the case, the more attorneys' fees could be charged against him. If the other party to the action did not bring in the third party wrongdoer or if the third party could not intervene pursuant to GCR 1963, 209, needless and repetitious litigation would be encouraged.

We find equally as important the fact that the

attorney's fee rule is intended to be applied where the party at fault is guilty of malicious, fraudulent or similar wrongful conduct, not of simple negligence as is claimed here. The few relevant cases in this jurisdiction bear out this distinction: *Oppenhuizen v Wennersten,* 2 Mich App 288; 139 NW2d 765 (1966) (fraud), *Fleischer v Buccilli,* 13 Mich App 135; 163 NW2d 637 (1968) ("unlawful acts", "fraud and malice", at 139), and *State Farm Mutual Automobile Insurance Co v Allen, supra* (fraud and forgery). The Restatement of the Law, Torts, § 914, in explaining the attorney's fee rule offers three examples, all concerning fraud.

That allegations of negligence should not require the application of the attorney's fee rule is demonstrated by the instant facts. It seems to us that, in the instant case, Farm Bureau was under no duty to Durand. As a defendant and as a third party defendant, Farm Bureau had every right to require both defendant Durand and plaintiff G & D Company to prove their cases. The burden of proof rested on Durand and G & D, not on Farm Bureau. Durand had the same opportunity to discover, through interrogatories and depositions, the evidence which exculpated it as did Farm Bureau. We should not reward Durand for its inability to discover this evidence on its own. In addition, whether Durand was released from liability was a matter within plaintiff's power and was not up to Farm Bureau. Because both Durand and Farm Bureau could each be liable under warranty theory, if G & D had sought to recover from Durand alone, Farm Bureau could do nothing to get Durand out of the case.

Affirmed. Costs to Farm Bureau.

J. H. Gillis, J., concurred.

M. J. Kelly, J. *(dissenting)*. This case comes to our Court on stipulated facts. Two claims for damages were consolidated for trial in the Huron County Circuit Court. Both appellant, Durand Milling Co., Inc. and appellee, Farm Bureau Services, Inc., were parties defendant in the consolidated cases. Since this appeal involves only one of the two cases, reference will be in the singular hereafter. Appellant first brought appellee into the lawsuits by third party complaint. Later, after certain discovery proceedings, the plaintiff added appellee as a "direct defendant".[1] The essence of the claim of appellant Durand Milling Co., Inc., against Farm Bureau Services, Inc., was for indemnification alleging that if the feed were defective, it was defective because of faulty ingredients supplied by appellee, Farm Bureau Services, Inc.

Proceedings in these matters were begun in early December of 1972, actual trial started October 25, 1973, but it was not until sometime between December 5th and December 13th, 1973, that Farm Bureau attorneys admitted that the feed was defective by reason of methionine deficiency or the use of feathermeal which it supplied.

It seems to me that the rationale followed in *State Farm Mutual Automobile Insurance Co v Allen,* 50 Mich App 71; 212 NW2d 821 (1973), can be adhered to and a reasonable clarity afforded the bench and bar in determination of future matters

[1] The timetable is this: Complaint was filed and summons issued on December 4, 1972 entitled G & D Company, a Michigan copartnership v Durand Milling Co., Inc., a Michigan corporation and Caro Farmers Co-op Elevator Co., a Michigan corporation, defendants. Durand Milling Co. promptly filed a motion to add Farm Bureau Services, Inc., a Michigan corporation as third party defendant. On December 22, 1972, order was entered granting that motion. On December 29, 1972, pursuant to said order, a third party complaint was filed and summons issued. It was not until June 15, 1973 that the plaintiff filed a motion to allow it to file an amended complaint adding Farm Bureau Services, Inc., as a party defendant.

involving disputed claims for attorneys' fees. It seems to me that the principal litigation between G & D Company, plaintiff, and Durand Milling Co., Inc., logically and reasonably qualifies as prior litigation under the exception recognized in *State Farm v Allen, supra,* at 78:

"Finally, reasonable attorneys' fees incurred in prior litigation with 'a third party—not with the defendant' may be recoverable. See 22 Am Jur 2d, Damages, § 166, p 235–236."

The Am Jur quotation beginning at page 235 is as follows:

"§ 166—Litigation against third person as result of defendant's wrongful act.

"It is generally held that where the wrongful act of the defendant has involved the plaintiff in litigation with others or placed him in such relation with others as makes it necessary to incur expense to protect his interest, such costs and expenses, including attorneys' fees, should be treated as the legal consequences of the original wrongful act and may be recovered as damages. In order to recover attorneys' fees under this principle, the plaintiff must show: (1) that the plaintiff had become involved in a legal dispute either because of a breach of contract by the defendant or because of defendant's tortious conduct; (2) that the dispute was with a third party—not with the defendant; and (3) that the plaintiff incurred attorneys' fees connected with that dispute. If the attorneys' fees were incurred as a result of a breach of contract between plaintiff and defendant, the defendant will be deemed to have contemplated that his breach might cause plaintiff to seek legal services in his dispute with the third party.

"Whether the fees were incurred as a result of defendant's breach of contract or defendant's tort, they must be the natural and necessary consequences of the defendant's act, since remote, uncertain, and contingent consequences do not afford a basis for a recovery. They

must also have been reasonably incurred. Hence, the costs of attempting to establish as marketable a title which under known rules of law is not so are not recoverable. The recovery is limited to a reasonable amount, but in some cases the reasonableness of the amount paid may be inferred from the circumstances in evidence, although its reasonableness is not shown by testimony.

"In actions of indemnity, brought where the duty to indemnify is either implied by law or arises under a contract, reasonable attorney fees incurred in resisting the claim indemnified against may be recovered as part of the damages and expenses. According to some of the cases, a person who has by false representations procured the execution of a contract is liable to the party defrauded, in an action of deceit, for the expense of unsuccessful litigation to enforce the contract or otherwise incident to it; but there is also authority to the contrary." pp 235–237.

In the case of *Dassance v Nienhuis,* 57 Mich App 422; 225 NW2d 789 (1975), plaintiffs first commenced a specific performance action against defendant Nienhuis and later, through amendments, commenced a suit against other defendants to accomplish various other objectives. The cases were tried together resulting in (1) cancellation of a certain conveyance, (2) specific performance of a certain contract, and (3) assessment of actual damages in the form of attorney fees and legal expenses against another defendant.

After quoting *State Farm v Allen, supra,* and recognizing that the general rule in Michigan is that attorneys' fees in the "present" action are not recoverable but that when the plaintiff has incurred attorney fees in defending previous legal proceedings, recovery may be had therefor, the *Dassance* court said as follows:

"The above-quoted rule is directly applicable to the

case at bar. We do not feel that the mere fact that these cases were consolidated for trial efficiency should operate to prevent plaintiffs from recovering the attorneys' fees incurred in the specific performance action against Emmons, et al. Under the rule stated above, if plaintiffs had separated the suits and obtained the specific performance judgment first, and then brought their tortious interference action against Bennett, the attorneys' fees incurred in the previous action would undoubtedly have been awarded as damages. Plaintiffs shall not be denied the benefit of this rule simply because these cases were consolidated due to the fact that the same facts controlled both cases.

"The action commenced by plaintiffs against Emmons, et al, was prior litigation within the meaning of this exception, not only because that complaint was filed first, but also because the costs incurred by the plaintiffs in commencing and prosecuting that action were directly attributable to the wrongful conduct of defendant Bennett. Accordingly, any costs of litigation, including attorneys' fees, incurred by plaintiffs in commencing and prosecuting the specific performance action against Emmons, et al, are recoverable as an element of damages in this proceeding. But for the wrongful conduct of Bennett, the plaintiffs would not have been put to any expense in prosecuting the specific performance action because the deed from Nienhuis to Suzanne Emmons would not have been signed.

"The expenses, including attorneys' fees, incurred by plaintiffs in seeking damages for Bennett's 'tortious interference' were incurred in the prosecution of the *present* not a *prior* action and are thus not recoverable. (Emphasis in original.)

"Therefore, the provisions of the judgment awarding attorneys' fees and other litigation expenses are set aside. We remand for a determination by the trial court of the fees and expenses incurred by plaintiffs in prosecuting the action commenced against Emmons, et al. Upon such determination, the trial court shall apportion the fees and expenses respectively, and allow as damages only those attorneys' fees and expenses which represent the amounts incurred in the prosecution of the specific performance action.

"Affirmed in part and reversed in part. Remanded for the entry of a judgment consistent with this opinion. No costs on this appeal, no party having fully prevailed. This Court does not retain jurisdiction." 57 Mich App at 437–438.

In the case at bar, I would hold that the initial complaint, that is the action for damages by G & D Company, a Michigan copartnership, against Durand Milling Company, defendant, was previous litigation and I would adopt the remedy chosen in *Dassance* and remand for a determination of the amount of the $10,000 attorney fee incurred in defending the principal action, as opposed to the amount incurred in prosecuting the indemnity action. The amount, not to exceed $10,000, related to defense of the principal action I would award to appellant.