*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HARK ORCHIDS LP,

   Plaintiff-Appellant,

v

WILLIAM BUIE and CONKLIN BENHAM, PC,

   Defendants-Appellees.

UNPUBLISHED
May 4, 2023

No. 361175
Kalamazoo Circuit Court
LC No. 2020-000263-NM

Before: SHAPIRO, P.J., and REDFORD and YATES, JJ.

SHAPIRO, P.J. (*concurring*).

I agree with the majority that this case is controlled by *Mieras v DeBona*, 204 Mich App 703; 516 NW2d 154 (1994), rev'd on other grounds 452 Mich 278; 55 NW2d 202 (1996). Because that case is binding precedent I am compelled to concur. However, I disagree with its holding and would support a request for a conflict panel pursuant to MCR 7.215(J).

Plaintiff company's employee was injured at work and she filed a worker's compensation claim, which plaintiff disputed. Defendants represented plaintiff in the worker's compensation claim. During settlement discussions, the employee's counsel advised defendants that the employee also planned to file a civil suit against plaintiff. The employee's attorney advised defendants that she would be willing to settle the worker's compensation claim for $75,000 or would settle that claim as well as her planned civil claim, i.e., a global settlement, for $125,000, later reduced to $100,000.[1] Defendants did not inform plaintiff of the global settlement offers. Plaintiff alleges that the failure to communicate that offer constituted legal malpractice and that plaintiff is entitled to damages, including the sums it paid to different counsel to successfully defend against the later-filed civil case.

Plaintiff seeks those attorney fees as part of its damages in its malpractice suit. Defendants rely on the "American Rule" barring an award of the prevailing party's attorney fees against the non-prevailing party. Plaintiff does not argue that we should alter or eliminate this fundamental

---

[1] The worker's compensation claim was eventually settled for $35,823.84.

-1-

rule, pointing out that it does not seek to recover as compensable damages the attorney fees expended in prosecuting the instant malpractice case. Instead, it seeks to recover the cost of defending the civil suit brought by its employee, which plaintiff argues would have been avoided by settlement had counsel conveyed the employee's willingness to enter into a global settlement.

The relevant law in Michigan is not exactly clear. The majority relies on *G & D Co v Durand Milling Co, Inc*, 67 Mich App 253; 240 NW2d 765 (1976), which held that "where the present defendant has by his wrongful conduct, be it tort or breach of contract, caused the present plaintiff to defend or prosecute [p]revious legal proceedings, the law . . . allows the plaintiff to recover all the expense, including attorney fees, reasonably incurred by him in the [p]rior litigation." *Id*. at 257 (quotation marks and citation omitted). The opinion goes on to state that

> [t]he rule enabling recovery of attorneys' fees is designed to prevent the injustice
> of a situation where a blameless party must prosecute or defendant action in which
> the true party at fault cannot be brought into the litigation and made to indemnify
> the blameless party. The rule was created to aid the party who must litigate two
> actions to vindicate his rights[.]  [*Id*. at 258.]

However, as defendants point out, there is other language in *G & D Co* stating "the attorneys' fee rule is intended to be applied where the party at fault is guilty of malicious, fraudulent or similar wrongful conduct, not of simple negligence as is alleged here." *Id*. at 259-260. While the case was not decided on this basis,[2] this standard has been followed in other cases.[3]

As noted, the case most significant to our decision is *Mieras*, 204 Mich App 703, a legal malpractice action in which the plaintiffs sought recovery of attorney fees they incurred in an earlier will contest that was allegedly the result of the attorney's negligent drafting of the will. Relying on *G & D Co*, the entirety of this Court's discussion of the issue was as follows:

> Generally, awards of costs or attorney fees are not allowed unless expressly
> authorized by statute or court rule. However, a party may recover as damages the
> costs, including attorney fees, expended in a prior lawsuit he was forced to defend
> or prosecute because of a third party's wrongdoing. *Bonner v Chicago Title Ins
> Co*, 194 Mich App 462; 487 NW2d 807 (1992). The wrongdoer must be guilty of

---

[2] The *G & D Co* majority concluded that the sought attorney fees arose out of the pending, rather than prior, litigation. *G & D Co*, 67 Mich App at 258.

[3] In his dissent, Judge KELLY pointed out that while some cases have required a showing of fraud, "there is also authority to the contrary," citing *Dassance v Nienhuis*, 57 Mich App 422; 225 NW2d 789 (1975) ("any costs of litigation including attorneys' fees, incurred by plaintiffs in commencing and prosecuting the [prior] action . . . are recoverable as an element of damages[.]"), and *State Farm v Allen*, 50 Mich App 71; 212 NW2d 821 (1973) ("reasonable attorneys' fees incurred in prior litigation with 'a third party—not with the defendant' may be recoverable."). *G & D Co*, 67 Mich App at 261-264 (KELLY, J., dissenting). Neither of these cases indicated that fraud was a requirement to fall within this exception to the American Rule.

malicious, fraudulent or similar wrongful conduct, rather than negligence. *G & D Co v Durand Milling Co, Inc*, 67 Mich App 253, 259-260; 240 NW2d 765 (1976).

Plaintiffs have alleged only negligence, not fraud or malice in defendant's execution of his legal services . . . . As a consequence, their claim for the costs of defending against [the] will challenge fails. [*Mieras*, 204 Mich App at 710.]

There was no discussion of whether the requirement of fraud or similar wrongful conduct was applicable to the legal malpractice context.[4]

The majority points out that the only published case that actually binds us is *Mieras* and given the dates of the other cases, this cannot be disputed. However, I question the rationale of requiring a showing of fraud or malice to collect what are plainly consequential damages of the defendant's negligence in a different case, and other than talismanic references to the American rule, I do not discern a reasoned basis for that requirement. Indeed, other courts have recognized that the attorney fees from the underlying action merely represent a component of the plaintiff's damages in legal malpractice cases, rather than the recovery of attorney fees as such. See *Quad City Bank & Trust v Elderkin & Pirnie, PLC*, 870 NW2d 249, 259-260 (Iowa App, 2015) (holding that attorney fees from the underlying action are recoverable in malpractice cases because the "[t]he goal of malpractice actions is to put the plaintiff back into the position it would have been had the lawyer not been negligent."); *RAS Group, Inc v Rent-A-Center East, Inc*, 335 SW3d 630, 642 (Tex App, 2010) ("In a legal malpractice case, the plaintiff's damages may include the attorney's fees paid to the defendant-attorney in the underlying case. Also, when the defendant's tort requires a party to protect its own interests by bringing or defending an action against a third party, the plaintiff may recover from the defendant the attorney's fees incurred in the action against the third party.") (citation omitted); *Sindell v Gibson, Dunn & Cruther*, 54 Cal App 4th 1457, 1471; 63 Cal Rptr 2d 594 (1997) ("The theory of recovery is that the attorney fees are recoverable as damages resulting from a tort in the same way that medical fees would be part of the damages in a personal injury action. In such cases there is no recovery of attorney fees qua attorney fees.") (quotation marks, citation, and emphasis omitted).

---

[4] Requiring a showing of fraud or other wrongdoing to recover attorney fees against a third party makes sense in "a situation where a blameless party must prosecute or defend an action in which the true party at fault cannot be brought into the litigation and made to indemnify the blameless party." *G & D Co*, 67 Mich App at 258. This is consistent with the right to common-law indemnification, which "is based on the equitable theory that where the wrongful act of one party results in another party's being held liable, the latter party is entitled to restitution for any losses." *Botsford Continuing Care Corp v Intelistaf Healthcare, Inc*, 292 Mich App 51, 62; 807 NW2d 354 (2011). However, in a legal malpractice action, the plaintiff is not seeking indemnification from the attorney on the basis that the attorney was the "true party at fault" whose wrongful conduct caused the plaintiff to be liable in the underlying action. Rather, the plaintiff is merely attempting to recover damages for the attorney's negligent representation in the prior action.

For these reasons, I would request a conflict panel pursuant to MCR 7.215(J). Since my colleagues do not agree, *Mieras* remains binding authority absent action by the Michigan Supreme Court and so I concur.

/s/ Douglas B. Shapiro